CLAUD WRAY, APPELLEE, V. EQUITABLE LIFE ASSURANCE
SOCIETY, APPELLANT.

FILED OCTOBER 11, 1935. No. 29341.

*Burkett, Wilson & Van Kirk* and *Milton C. Murphy*, for
appellant.

*Hoagland, Carr & Hoagland, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY,
PAINE and CARTER, JJ.

GOSS, C. J.

Plaintiff had a verdict after a jury trial. Defendant
appealed from the resulting judgment.

Plaintiff was an employee of the Capper Publications,
Topeka, Kansas. On October 20, 1927, this concern con-
tracted with defendant to insure its employee for $1,000
under a policy of group life insurance and a certificate to
that effect was issued by defendant to plaintiff. On March
2, 1931, the insurance on plaintiff was increased by con-
tract and certificate to $2,000. The contract of insurance
provided that if the employee, under the age of 60, shall,
while insured, become totally and permanently disabled by
bodily injury or disease and thereby presumably be con-
tinuously prevented from engaging in any occupation or
performing any work for compensation of financial value,
upon due proof of such disability before the expiration of
one year from the date of its commencement, defendant
would pay him 40 monthly disability instalments of $52.50
each.

Plaintiff, when about 26 years old, claims to have been injured on June 24, 1931. He testified, and the jury believed him, that he was injured by receiving a sacro-iliac sprain while pushing a truck loaded with lead plates from the press, where they had been used, to the elevator. January 4, 1932, he made out a "group disability claim" on a blank furnished by defendant and it was handled through the employer's business manager. It is admitted that this claim reached defendant shortly after it was made. It answered questions in detail necessary to proper notice to the company of the injury. It however says that he became "wholly disabled as a result of sacro-iliac sprain, caused while lifting heavy weights consisting of stereotype plates."

A deposition by the assistant chief of the disability claims department, taken on behalf of defendant and in evidence, says that the claim and papers purporting to be proofs were filed in his office January 11, 1932, and were declined on January 15, 1932, on the ground that they were not sufficient to indicate a condition of total and permanent disability. The papers consisted of claimant's statement and of a statement from the attending physician who, in filling out the questionnaire, stated that in his opinion the claimant never would be able to resume any business, but in a later numbered question as to whether the doctor believes "the claimant to be so disabled that he is wholly prevented for life from pursuing any and all gainful occupation," the doctor answers, "Unable to determine now."

The term "due proof of such disability," used in an insurance policy, does not require any particular form of proof which the insurer might arbitrarily demand, but such a statement of facts as, if established in court, would require payment of the claim. *Jarvis v. Northwestern Mutual Relief Ass'n,* 102 Wis. 546. The proof of loss apprised defendant of the injury to plaintiff, of his claim that its effect was total and permanent, and gave defendant complete notice so that it might either pay or prepare its

defense when and if sued. That the statement of the doctor, accompanying the due proof, did not show an absolute and unequivocal opinion that the claimant would be disabled for life does not prevent the plaintiff from suing to establish his rights under the policy. These proofs were furnished within the year's limitation fixed by the policy.

Defendant argues that due proof was never pleaded by plaintiff. It is true that the petition did not allege the term "due proof," but alleged "that due notice of said injury and disability has been given to the defendant." In its answer defendant does not demur to the statement, but contents itself with a general denial of this and other allegations of the petition not admitted in the answer, although it alleged it had never been supplied with due proof. These pleadings were sufficient to allow the question to be submitted to the jury on the facts.

Without going into details, we think the facts proved were sufficient to go to the jury and to support the verdict for plaintiff.

At the close of all the evidence defendant moved for an instructed verdict. And, upon refusal by the court, defendant requested certain instructions submitting to the jury the duty of plaintiff, as a condition precedent to recovery, to submit proofs of total and permanent disability within one year from the commencement of such disability. The court refused these instructions and, indeed, failed to submit any instruction on that precise point. This is earnestly argued to be error. But it was not, because the evidence showed conclusively that due proofs of total and permanent disability were furnished defendant by plaintiff, through his employer, well within the year, as provided in the policy. Defendant denied liability and the chief object of the litigation was to determine whether plaintiff was disabled to the extent claimed by the injury of which due proof, as contemplated by the policy, had been furnished the company within the time required.

By an instruction in which the court gave the jury the issues submitted in the case, the court first told the jury

the burden of proof was upon plaintiff to establish by a *preponderance of the evidence* the following (listing the propositions of fact numerically). After listing them, the instruction told the jury that, should they find from the evidence *beyond a reasonable doubt* that the foregoing propositions have been established, it will be their duty to return a verdict for plaintiff. Defendant claims that this instruction was erroneous. It was, but the error was prejudicial to plaintiff, not to defendant.

Many other errors relating to instructions and to evidence are asserted by defendant. We have examined them and find them not to be prejudicial. To cover them would multiply the length of this opinion.

The judgment of the district court is affirmed. Plaintiff is allowed $150 attorney fees in this court.

AFFIRMED.