FRED J. SCHOLLMAN, APPELLEE, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, APPELLANT.

FILED MARCH 26, 1936. NO. 29449.

*Montgomery, Hall & Young* and *Laurens Williams*, for appellant.

*Frost, Hammes & Nimtz, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and RAPER and PROUDFIT, District Judges.

RAPER, District Judge.

This action was begun October 7, 1933, by plaintiff, Fred J. Schollman, to recover total disability benefits and return

of two premium payments on a life insurance policy issued to him by the defendant, Prudential Insurance Company. The policy for $5,000 was issued May 16, 1923, and contained the following clauses:

"Disability Before Age 60—Waiver of Premiums. If the insured shall furnish due proof to the company that, while this policy was in full force and effect, he (or she), at any time after payment of the first premium on the policy, while less than sixty years of age, from any cause whatsoever had become permanently disabled or physically or mentally incapacitated to such an extent that he (or she) by reason of such disability or incapacity is rendered wholly and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value, the company will waive the payment of any premium or premiums under the policy the due date of which, as specified on the first page hereof, shall occur after the receipt of proof of such disability and while such disability continues. * * *

"Disability Before Age 60—Monthly Income to the Insured. If such disability shall occur before the insured is sixty years of age and prior to the maturity of the policy as an endowment, the company will, in addition to such waiver, during such disability, pay to the insured monthly, as specified on the first page hereof, the sum of $10 for each $1,000 of the face amount of insurance under the policy. The first monthly payment shall be made three months after the company shall have received such proof and subsequent payments shall be made on the first day of each month thereafter during such disability. * * *

"The payment of disability instalments shall begin immediately after the company shall have received due proof of disability instead of being deferred for the period specified in these disability provisions.

"The Prudential Insurance Company of America,
"By Willard I. Hamilton, Secretary"

This latter clause appears by indorsement.

The petition contains three causes of action. In the first

cause plaintiff alleges that he was under 60 years of age, and while the policy was in full force he was stricken with sickness and disease and as a result thereof he was, and has been ever since, disabled to such an extent that he is unable to engage in any occupation or perform any work for any kind of compensation of financial value, and that the defendant received due notice of plaintiff's disability, and before filing of the petition denied liability, and thereby waived all further proofs of disability. He prays judgment on the first cause for $50 a month from March 25, 1932, and interest thereon.

The second cause of action alleges the issuing of the policy, and plaintiff's sickness and disability, and defendant's waiver of proof of disability, as stated in first cause, and that when plaintiff was sick and confined in a hospital, and after defendant had been notified of plaintiff's illness, the defendant refused to waive payment of the premium due May 16, 1932, and plaintiff paid same in the sum of $199.75, to prevent defendant from declaring the policy forfeited, and prays for judgment for said sum with interest.

The third cause of action is to same effect as the second cause for the premium due May 16, 1933, which plaintiff paid in the sum of $205.40.

The defendant answered the first cause of action, admitting the issuance of the policy and that it contained the provisions for total and permanent disabilities as set out hereinabove and that the policy is in full force and effect, admits that plaintiff "is now disabled within the terms of said policy," and alleges that due proof of said disability was not furnished it until late in June, 1933; admits that plaintiff is entitled to benefits at the rate of $50 a month, payable in June, 1933, and on the first day of each month thereafter, and denies all other allegations on second and third causes; admits that plaintiff paid the two annual premiums, and denies every other allegation of the petition.

Plaintiff for reply admits he was disabled as alleged in the answer, and entitled to $50 a month benefits, and denies

allegations not admitted in the answer, and plaintiff again alleges that the defendant denied liability before suit was begun, and it cannot now, after litigation has begun, change its ground and defend on the ground that formal proof of disability was not furnished it until July 19, 1933.

Trial was had to a jury. At close of plaintiff's testimony the defendant offered to confess judgment for all disability from June 22, 1933, to date of trial, and asked the court to direct verdict in its favor, which request was overruled. At close of all the testimony defendant moved the court to direct verdict in its favor, which was denied.

The court then, on its own motion, gave a peremptory instruction to the jury to return a verdict for plaintiff on his first cause of action in the sum of $1,388, and for $224.21 on the second cause of action and $218.20 on the third cause of action, and judgment was rendered on the verdict.

At the hearing on the motion for new trial, the court refused a new trial on the first cause of action; set aside the judgment on the second and third causes, and dismissed those causes. Defendant appeals on first cause, and plaintiff appeals from dismissal of second and third causes.

The briefs of both parties set forth the evidence as to the disability of the plaintiff, which is not necessary to review here, it being sufficient to state that it is clearly shown that he was totally disabled from March 25, 1932, and defendant admits in its answer that plaintiff was so disabled from June 22, 1933, and defendant does not now claim that plaintiff was not so disabled.

Plaintiff was taken to a hospital on March 26, 1932. Mrs. Schollman testified she told Schnurman, a collector for the insurer, that plaintiff was very, very sick soon after plaintiff went to the hospital and he would ask her once or twice a week how plaintiff was. After plaintiff came from hospital (in July, 1932) she told Schnurman that she thought they were entitled to some insurance on that policy and asked him to go to the house and check it up. Afterwards she told Schnurman that the doctor said

he would very likely never be able to go to work. Later she called the defendant's office and told them that the plaintiff was sick, and they said they knew it.

Mr. Schollman, plaintiff, testified that he stayed in the hospital until July 2, 1932, and about two weeks after that Mr. Schnurman came to his home and read the policy, and he told Schnurman that he thought he was entitled to the sick benefits, and Schnurman asked plaintiff if he expected to get well, and plaintiff responded, "I told him I hoped so," and Schnurman told him that he was not entitled to any benefits out of this policy. Mr. Schnurman denied that he told plaintiff he was not entitled to benefits. Nothing further was done in the giving notice of disability until June 22, 1933, when written proof of disability was made. A letter from the assistant manager of the defendant to a subordinate dated August 14, 1933, was read to Mr. Schollman soon after its date. This letter states: "We have made a very careful inquiry into the facts in the case, and regret to advise that we will be unable to allow any benefits at this time. As you undoubtedly know, insured's policy provides for disability benefits only upon receipt of proof by the company indicating that the insured is considered to be so totally and permanently disabled as to never again be able to engage in any form of gainful occupation." The letter then states some facts which the company claimed would indicate that plaintiff was not disabled to the extent that would accord with the terms of the policy, and then continues: "If, at some time in the future, the insured is considered disabled in accordance with the terms of his policy contract, we will gladly consider a claim again upon receipt of the necessary application for disability forms."

The policy does not provide that proof of disability shall be in writing, nor does it state when such proof must be made, nor does the policy provide that the insurer shall furnish forms for such proof. Until the time the written proof was made, plaintiff made no request to defendant for form for proof.

Plaintiff contends that, by the information given to Mr.

Schnurman and his statement that no benefits were due under the policy, and the letter of August 14, 1933, the defendant waived notice. In the conversations with Mr. Schnurman, in no place does the testimony of Mr. and Mrs. Schollman state that they made claim that plaintiff was totally and permanently disabled. In July, 1932, Mrs. Schollman states that she said the doctor thinks he may not recover, and Mrs. Schollman says he told Mr. Schnurman that he hoped to recover. The statements made by Mr. and Mrs. Schollman were not sufficient to apprise defendant that plaintiff claimed he was disabled within the terms of the policy, and such information and Mr. Schnurman's response, even if so made, are not sufficient to establish waiver of due notice. It will be noted that the conversations relied on took place in July, 1932, and that one of the premiums was due in May, 1932.

The case of *Wray v. Equitable Life Assurance Society,* 129 Neb. 703, 262 N. W. 833, gives a rule which is applicable here: "The term 'due proof of such disability,' used in an insurance policy, does not require any particular form of proof which the insurer might arbitrarily demand, but such a statement of facts as, if established in court, would require payment of the claim."

However, plaintiff further claims that by the letter of August 14, 1933, the defendant, by denying liability, waived notice of disability, and that such waiver related back to the time of plaintiff's illness, so as to give a right of action for the two premiums paid before the written proof was made.

At the close of the evidence the trial court, at the time he directed a verdict for plaintiff on the three causes, stated:

"I am satisfied from this evidence that there is only one verdict that can be rendered and that is for the plaintiff for the amount he claims, because the insurance company, in my judgment, by denying liability by their letter in August, waived any question of notice, and therefore plaintiff is entitled to recover," and entered judgment on all three causes of action.

In the memorandum opinion on the hearing on the motion of defendant for new trial, the court states: "Two questions are presented by the motion: (1) Is plaintiff entitled to recover on the second and third causes of action? And, (2) Is plaintiff entitled to recover monthly payments prior to the furnishing of proof of disability to the insurance company? Of these in their order: 1. The provisions of the policy with reference to waiver of the premium is as follows: (The language of the policy is then given.) There seems to be no ambiguity in this language. The waiver of premiums is made to depend upon the furnishing of proofs of disability, and only premiums becoming due after such proof is furnished are waived. There would seem to be, therefore, under the plain provisions of the policy, no right of recovery for premiums paid prior to the furnishing of proof. The plaintiff claims, however, that defendant waived proof of disability by a letter dated August 14, 1933, in which they stated they will be unable to allow any benefits at that time. The letter continues: 'As you undoubtedly know, insured's policy provides for disability benefits only upon receipt of proof by the company indicating that the insured is considered to be so totally and permanently disabled as to never again be able to engage in any form of gainful occupation.' The letter then proceeds to state that they do not consider the evidence sufficient to show complete disability. Upon mature deliberation I am convinced that this denial of liability or refusal to allow the claim does not constitute a waiver of the provisions of the policy requiring proof of disability; on the contrary it calls attention to the fact that no benefits are payable except upon receipt of proof by the company and bases its refusal on the ground claimed, insufficiency of the proof. This is quite different from a refusal based upon the entire absence of proof. * * * It does not seem reasonable to hold that the company should be liable without the performance of the condition precedent and thus enlarge its liability beyond the terms of its contract. * * * If no notice whatever had been given and defendant even denied that the policy was

in force, such denial would not operate to enlarge the liability of the defendant—the policy would simply be enforced according to its terms and the provision for waiver of the premiums would not come into effect because of failure to perform the condition precedent."

This reasoning by the able trial judge and his conclusion are sound and are adopted. Furthermore, it may be observed that most of the cases cited in plaintiff's brief is where the insurer claims the policy is void. There is no claim of that kind asserted by defendant. In *Campbell v. Columbia Casualty Co.*, 125 Neb. 1, 248 N. W. 690, Judge Rose states: "After receiving notice of plaintiff's claim * * * defendant denied liability, but this was not a waiver of timely notice." If, after claim filed and proof furnished in support thereof, the defendant denies liability on the ground of insufficiency of proof, such company will be deemed to have waived additional or corrected proof, and will be estopped to deny that due proof of disability has been furnished. *Pagni v. New York Life Ins. Co.*, 173 Wash. 322, 23 Pac. (2d) 6, 93 A. L. R. 1325. See, also, *New England Mutual Life Ins. Co. v. Reynolds*, 217 Ala. 307, 116 So. 151, 59 A. L. R. 1075.

The plaintiff cites *Still v. Equitable Life Assurance Society*, 165 Tenn. 224, 54 S. W. (2d) 947, 86 A. L. R. 382. In that case the issue was whether the premium was voluntarily paid.

Plaintiff cites *Pittenger v. Salisbury & Almquist*, 125 Neb. 672, 251 N. W. 287, *Yates v. New England Mutual Life Ins. Co.*, 117 Neb. 265, 220 N. W. 285, and *Feis v. United States Ins. Co.*, 112 Neb. 777, 201 N. W. 558, to the effect that, where a party gives a reason for his decision and conduct involved in a controversy, he is estopped after litigation has begun from changing his ground and putting his conduct on another and different consideration. This salutary rule has been frequently followed in this state. Those cases are not in point; the facts being entirely different. There is nothing in defendant's letter that makes such rule applicable. At most, the letter waives any fur-

ther proof. There appears no good reason why plaintiff failed to give notice if he was, in his opinion, disabled within the purview of the policy before June, 1933.

Plaintiff asserts that the burden of proof was upon the defendant to plead and prove policy provisions which made furnishing formal proof of disability condition precedent to recovery. This, of course, is the rule in this state. The petition sets forth in full the clauses in the policy under which he claims recovery, and alleges that defendant, before suit was brought, waived proof of disability. The defendant admitted issuing the policy and the conditions, as stated in the petition, that the policy was in full force, and alleges that due proof of disability was not furnished until in June, 1933. The answer sufficiently pleads lack of notice before June, 1933, to give plaintiff knowledge of such defense, and in his reply plaintiff again pleads that defendant had waived notice. It was unnecessary for defendant to set out in the answer the part of the policy pleaded in the petition and admitted in the answer.

The defendant alleges as error the award of the court for the monthly benefits from the inception of the disability instead of from June, 1933. The language of the policy in the clause hereinabove set forth pertinent to this issue, beginning "Monthly Income to the Insured," is "If such disability shall occur, * * * the company will, in addition to such waiver (of premium), during such disability, pay to the insured monthly, as specified on first page hereof, the sum of $10. * * * The first monthly payment shall be made three months after the company shall have received such proof and subsequent payments shall be made on the first day of each month thereafter during such disability." The learned trial judge gives his interpretation of that language as follows: "The first paragraph above quoted binds the company, without any qualification as to notice, to pay monthly indemnity 'during such disability;' the liability is based solely upon the existence of the disability. * * * In my opinion the second paragraph presents an ambiguity; according to its wording no benefit would accrue or be pay-

able for the three months succeeding the proof, whereas, as above stated, the prior paragraph contains no such restriction. It seems to me that the second paragraph merely postpones the time when payment shall begin but does not fix the date when liability shall commence. * * * An extra premium was paid on account of these benefits and the intention of the parties undoubtedly was to secure such payments from the time the total disability commenced; that was what the parties contracted for. * * * I have not overlooked the fact that by indorsement on the policy the first payment was to be made immediately after the receipt of proof instead of delaying for three months."

The defendant contends that the clause, "The first monthly payment shall be made three months after the company shall have received such proof and subsequent payments shall be made on the first day of each month thereafter," should be construed with the waiver of premium clause in the first paragraph, and that the monthly payments provision limits and controls the promise to pay the monthly benefits, so that no benefits can be recovered before notice of disability was received. The plaintiff insists that the absolute promise to pay benefits is not limited by the terms fixing the time of payment. As stated by the trial judge, there is an ambiguity in the language of the policy. In such case, "When an insurance contract is so drawn as to be ambiguous, or to require interpretation, or to be fairly susceptible of two different constructions, so that reasonably intelligent men on reading the contract would honestly differ as to the meaning thereof, that construction will be adopted which is most favorable to the insured." *Imperial Fire Ins. Co. v. Coos County,* 151 U. S. 452. The insurance contract agrees to pay the disability benefits, and the provision for the monthly payments fixes the time for the payments to become due after receiving due notice, but there is no language or statement that the company will not be liable for the benefits "during such disability." The construction asked by the company is manifestly repugnant to the express agreement to pay the benefits during dis-

ability, the word "during" in that connection can have no other meaning than throughout the course and continuance of the disability, and the fixing of the time of payment does not limit the plaintiff's right of recovery from the time the disability first occurred. The plaintiff is entitled to the benefits from date of disability; all benefits due to him were payable on receipt of the notice, and from that date, the payments to be made monthly. *Bank of Commerce & Trust Co. v. Northwestern Nat. Life Ins. Co.*, 160 Tenn. 551, 26 S. W. (2d) 135, 68 A. L. R. 1380; *Hablutzel v. Home Life Ins. Co.*, 332 Mo. 920, 59 S. W. (2d) 639.

The defendant cites many cases to uphold its view, but none of those cases contains the same language as is in this policy. A review of some of those cases will show a clear distinction from this case at bar.

In *Orr v. Mutual Life Ins. Co.*, 57 Fed. (2d) 901, the policy provides: "The company, upon receipt and approval of such proof, will grant the following benefits: * * * waive payment of each premium * * * commencing with the first premium due after approval of said due proof. * * * Will * * * pay to the insured a monthly income * * * the first such monthly payment being due on receipt of said due proof and subsequent payments on the first day of each calendar month thereafter." The court held that insured was not entitled to monthly benefits before the time proof was given. In *Corbett v. Phœnix Mutual Life Ins. Co.*, 259 N. Y. Supp. 221, the policy provides: "And beginning at the date of such proof of disability will pay to insured." Another case *Walters v. Jefferson Standard Life Ins. Co.*, 159 Tenn. 541, 20 S. W. (2d) 1038, the provision is: "Commencing immediately from the acceptance by the company of the original proofs of disability, * * * a monthly income," etc. In *Bergholm v. Peoria Life Ins. Co.*, 284 U. S. 489, the contract reads: "Upon receipt by the company of satisfactory proof * * * the company will 2. Pay to the insured a monthly income * * * the first payment of such income to be paid immediately upon receipt of such proof." And such language or its equivalent appears in those cases

where monthly benefits are not allowed prior to giving notice of disability. It will be noted that in each of those cases the policy provides, in apt and unequivocal language, that the disability benefits do not begin until proof of disability is made—quite different from the policy provisions in this case.

The judgment of the district court is in all things

AFFIRMED.