PATRICK J. McANDREWS, APPELLEE, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, APPELLANT.

271 N. W. 857

FILED MARCH 12, 1937. No. 29795.

*Hall, Young & Williams,* for appellant.

*Brome & Thomas* and *James J. Fitzgerald, contra.*

Heard before ROSE, GOOD, EBERLY, PAINE and CARTER, JJ., and KROGER, District Judge.

GOOD, J.

This is an action to recover for disability benefits under the provisions of a life insurance policy issued by defendant. Plaintiff had judgment, and defendant has appealed.

Plaintiff in his petition alleged the issuance of the policy, which contains the following provision: "If the insured, after the first premium on this policy has been paid, shall furnish due proof to the company, while this policy is in full force and effect and while there is no default in the payment of premium, that he, at any time after payment of such first premium, while less than sixty years of age, from any cause whatsoever shall have become permanently disabled or physically or mentally incapacitated to such an extent that he by reason of such disability or incapacity is rendered wholly and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value, the company upon receipt of such proof will waive the payment of each premium that may become payable thereafter under this policy during such disability."

Plaintiff further alleged that on the 25th of May, 1933, he was permanently disabled and physically incapacitated, and that he gave verbal notice to the managing agent of defendant corporation that he was permanently disabled and unable to perform any kind of work for compensation; that on or about June 15, 1933, he once more orally advised said agent that he was permanently and totally disabled, and

that at the time said notice was given said policy was in full force and effect. Plaintiff prayed for recovery of the benefits as provided by the terms of the policy.

Defendant admitted issuance of the policy and that it contained the provisions alleged by plaintiff, and, by way of defense, alleged that the annual premium on said policy, due May 25, 1933, was not paid and that said policy lapsed on August 3, 1933, for nonpayment of that premium; and, further, denied that insured had furnished due proof to it that he had become permanently disabled or physically or mentally incapacitated while said policy was in full force and effect and while there was no default in the payment of premium. Defendant then admitted that insured was permanently disabled as early as May 25, 1933. In a reply plaintiff alleged defendant had waived due proof by denying liability under the provisions of the policy in municipal court where the action was begun.

After all the evidence was adduced, each party moved for a directed verdict. Thereupon, the jury were discharged and the cause was submitted to the court, which made the · following findings of fact:

"The court further finds that the defendant's answer in municipal court, wherein defendant 'denies that plaintiff was totally and permanently disabled within the terms of said policy on June 25, 1933,' was not a waiver of its defense that due proof of disability had not been furnished to it while said policy was in full force and effect and while there was no default in the payment of premium.

"The court further finds that whether or not the alleged oral statements of plaintiff to defendant's agent Murphy in May or June, 1933, were sufficient to constitute due proof of disability within the terms of said policy, is a question of law for the court.

"The court further finds that said statements of plaintiff to defendant's agent Murphy, if made, constituted due proof of his disability. * * *

"The court further finds that plaintiff did make such statements to defendant's agent Murphy, and that plaintiff

thereby furnished due proof of disability within the terms of said provision while said policy was in full force and effect and there was no default in the payment of premiums."

After the appeal was lodged in this court, plaintiff departed this life, and the action was revived in the name of his personal representative.

Plaintiff filed no motion for a new trial and no cross-appeal. The finding of the trial court against him on the question that defendant waived the making of due proof by denial of liability in a municipal court has become conclusively settled in favor of defendant.

As a condition precedent to insured's right to recover, it was incumbent upon him to establish by evidence that he had furnished due proof of permanent disability, as provided in the policy, while the policy was in full force and effect and while there was no default in the payment of premium. This proposition is supported by the following, among other, authorities: *Cochens v. Prudential Ins. Co. of America,* 4 Cal. App. (2d) 172, 40 Pac. (2d) 902; *Orr v. Mutual Life Ins. Co. of New York,* 57 Fed. (2d) 901; *Franklin Life Ins. Co. v. Fisher,* 164 Okla. 193, 23 Pac. (2d) 151; *Bergholm v. Peoria Life Ins. Co.,* 284 U. S. 489.

In the *Bergholm* case it was determined that the disability existed and would have been sufficient to require the waiver of payment of premiums by the insured, provided due proof of such disability had been made during the life of the policy, but that making of due proof after the lapse of the policy would not avail to permit a recovery.

It is true that the term "due proof of disability," as used in the policy, does not require any particular form of proof which the insurer might arbitrarily demand, but only a statement of fact as, if established in court, would require payment of the claim. *Wray v. Equitable Life Assurance Society,* 129 Neb. 703, 262 N. W. 833; *Schollman v. Prudential Ins. Co.,* 130 Neb. 662, 266 N. W. 75.

In the instant case, the facts relied upon by plaintiff to constitute "due proof" were oral statements of the insured,

made to one Murphy, agent of the defendant. The real question here is whether the statements which insured testified he made are sufficient to constitute "due proof." The record discloses that the premium was due on the policy on May 25, 1933, and shortly prior to that date the insured called upon Mr. Murphy, agent of defendant, to ascertain whether a further loan could be made upon the policy with which to finance or pay the premium then about to become due. He testified: "I spoke to him. (Murphy) down there when I went down to see him, if I had a loan value, another loan value on the policy. * * * I asked him about getting a renewal on the policy. * * * I know I told him I was sick and that I had pleurisy, I had pleurisy pains in my throat there; I didn't know, I thought it was bronchial trouble, I didn't know it was tuberculosis at the time." On redirect examination, he further testified: "Yes, I told Mr. Murphy I had not been working and was unable to work for some time."

The testimony given by Mr. Murphy, the agent, contradicts, in almost every essential particular, that given by the insured. However, in view of the trial court's finding, we must assume the truth of every statement made by the insured. If every statement testified to by insured is true, is it sufficient to constitute "due proof?" We do not think so. First, it is apparent that the insured had no thought that he was making proof or giving notice of permanent disability. His thought in going to the agent was for the purpose of procuring an additional loan upon his policy with which to meet the premium soon to become due. There is nothing in any statement made by him that would justify a finding that he was permanently disabled.

Plaintiff suggests that, if the statements made by the insured were insufficient or unsatisfactory, then defendant might have asked for an additional and more complete statement. However, it is certainly plain that Mr. Murphy, the agent representing the company, had no thought or information that the insured was attempting to furnish due proof of permanent disability. There would, then, have

been no occasion for him to suggest additional statement or additional proof. The insured testified that at that time he had not consulted a physician about his ailment and did not do so until October following. Evidently, neither he nor the agent of defendant had any thought that his statements were intended to indicate that he was permanently disabled, within the meaning of the policy. We are of the opinion that the evidence is wholly insufficient to show that "due proof" was given to the defendant of insured's permanent disability. "Due proof" being lacking, the premiums were not waived and the policy lapsed.

It may be remarked that at a subsequent time insured did make, or attempted to make, "due proof," not only under this but under another policy held by him in the same company. As to the other policy, the proof was made within the time required, but, as to this policy, it was not made until after the policy had lapsed, and, therefore, cannot avail the plaintiff.

Plaintiff appears to place much reliance upon the following authorities: Barrett v. Northwestern Mutual Life Ins. Co., 124 Neb. 864, 248 N. W. 391; Hilmer v. Western Travelers Accident Ass'n, 86 Neb. 285, 125 N. W. 535; Western Travelers Accident Ass'n v. Tomson, 72 Neb. 661, 103 N. W. 695; Omaha Fire Ins. Co. v. Dierks & White, 43 Neb. 473, 61 N. W. 740; Hablutzel v. Home Life Ins. Co., 52 S. W. (2d) (Mo. App.) 480; Mid-Continent Life Ins. Co. v. Tackett, 149 Okla. 147, 299 Pac. 862.

We have carefully examined all of these citations, and, in our opinion, none of them is controlling in the disposition of the instant case. In some of them the evidence as to permanent disability was much stronger than in the instant case and was sufficient to indicate permanent disability, and that due proof was made within the proper time. In one of the cases, the proof was alleged to have been made in a letter sent to the company. It denied receipt of the letter. It was not questioned that the statements in the letter, if received by the company, were sufficient. The only question was as to whether the company received the letter. In an-

other of the cases, the policy required notice of an accident to be given within a specified time. Insured was unconscious from his injuries and was not personally able to give notice within the time, but such notice was given by another for him, and the company acted upon it. We think the court properly held that the notice was sufficient and given in time. In another case, the policy required written notice to be given within a specified time. Such notice was not given. There was a judgment for plaintiff which was reversed by the appellate court. Certainly, this case lends no comfort to plaintiff. Another case was a suit on a policy of fire insurance. The company denied liability on the ground that the policy was not in force. It was held that such defense waived the policy provision requiring insured to give notice of the loss and made that issue immaterial. None of the cases relied upon is in point.

Clearly, due proof was not furnished in the instant case while the policy was in full force and effect and while there was no default in the payment of premium. It follows that the judgment for plaintiff is erroneous. Judgment

REVERSED.