Judgment and order reversed on the facts and a new trial ■ granted, with costs to the appellant to abide the event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $1,815.15, with interest on the monthly benefits from the due date thereof, and interest on premiums paid from the date of each payment, in which event the judgment is modified accordingly, and, as so modified is, together with the order, affirmed, without costs of this appeal to either party. Memorandum: While the jury had before it sufficient evidence to sustain a finding that plaintiff became totally and permanently disabled as defined in the policy on January 3, 1943 (see Goldstein v. Connecticut General Life Ins. Co., 273 N. Y. 578; Williams v. John Hancock Mut. Life Ins. Co., 245 App. Div. 585), and sufficient evidence to sustain a finding that on or about February 7, 1939, plaintiff filed due proof of total disability as required by the policy (see Wachtel v. Equitable Life Assur. Soc., 266 N. Y. 345; McAndrews v. Prudential Ins. Co., 132 Neb. 332, Note, 109 A. L. R. 825), we think the finding implicit in the verdict that plaintiff was totally disabled prior to January 3, 1943, is against the weight of evidence. In this view, on this record, the plaintiff would not be entitled to recover more than the sum of $1,815.15, with interest on the monthly benefits from the due date thereof, and interest on premiums paid from the date of each payment. All concur. (The judgment is for plaintiff in an action under a disability rider on a life insurance policy. The order denies defendant’s motion for a new trial.) Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ.