Betty O'Neil, Administratrix of the Estate of James F. O'Neil, deceased, appellant, v. Union National Life Insurance Company, a corporation, appellee.

27 N. W. 2d 837

Filed June 6, 1947.   No. 32194.

*Baylor, Bloss & Evnen,* and *Davis, Stubbs & Healey,* for appellant.

*Frank A. Peterson,* for appellee.

Heard before Simmons, C. J., Paine, Messmore, Yeager, Chappell, and Wenke, JJ.

Carter, J.

This is an action to recover on a policy of life insurance payable to the insured's estate.   The trial court dismissed the action without prejudice to a new action after the filing of a proper proof of loss.   The plaintiff appeals.

Plaintiff as the administratrix of the estate of James F. O'Neil, deceased, brought the action against the defendant insurance company to recover $2,500, the face amount of the policy held by the deceased with the defendant company.

The policy contained the following provision:   "This Policy is payable at the Home Office of the Company in Lincoln, Nebraska.   Before any amount shall be paid hereunder, due proofs of the death of the Insured must be furnished,   * * *."

On December 22, 1943, the administratrix wrote the defendants in part as follows:   "This letter will inform

you of the death of Capt. James F. O'Neil, while in military service in Italy, November 4th." The defendant contends, and the trial court held, that the letter was insufficient to constitute a proof of death under the terms of the policy. In so holding we think the trial court was in error.

The only requirement of the policy before us relative to proof of death is that "due proofs of the death of the Insured must be furnished." Under such a policy provision the proof of death need not be made on forms provided by the insurance company, nor does the company have the right to prescribe any particular manner of making proof. If the proof of death is sufficient in law, the insurance company is obliged to accept it.

The general rule is: "Unless the policy specifically provides otherwise, no particular form of proof of loss is required other than one adequate to enable an insurer to consider its rights and liabilities." 29 Am. Jur., § 1120, p. 840. An authoritative annotator states the rule as follows: "The term 'due proof,' as used in a policy providing for the payment of disability benefits, or waiver of premiums, upon receipt of 'due proof' of disability, does not require any particular form of proof which the insurer might arbitrarily demand, but such a statement of facts reasonably verified as, if established in court, would prima facie require payment of the claim." 109 A. L. R. 826. In support of the foregoing rule we find cited the cases of McAndrews v. Prudential Ins. Co., 132 Neb. 332, 271 N. W. 857; Schollman v. Prudential Ins. Co., 130 Neb. 662, 266 N. W. 75; and Wray v. Equitable Life Assurance Society, 129 Neb. 703, 262 N. W. 833. In the McAndrews case we said: "It is true that the term 'due proof of disability,' as used in the policy, does not require any particular form of proof which the insurer might arbitrarily demand, but only a statement of fact as, if established in court, would require payment of the claim."

The rule is no different in a suit on a life policy than

on a policy providing for disability benefits. The principle involved is the same. Under the cited rule the proof of death is sufficient. If the administratrix can establish in court the facts set forth in her letter to the company, a prima facie case would be made. Consequently, the facts recited in the letter constitute a sufficient proof of death within the provisions of the policy presently before us. This being true, the furnishing of proof of death as a condition precedent to the bringing of suit has been met.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

CARTER, J., participating on briefs.

CHAPPELL, J., concurring.

I concur in the result of the majority, but on a somewhat different basis of reasoning.

The policy required only that due proof of death be furnished. As I view it, under the provisions of the policy and the facts and circumstances presented, plaintiff furnished sufficient proof of death because, by its conduct, defendant waived more formal proof. Defendant duly had in its possession all of the information which could be contained in more formal proof. Partial liability under the policy was thereafter admitted. Defendant refused only to pay the full amount of the claim and simply attempted by its action to arbitrarily impose upon plaintiff the duty not of making due *proof of death* but of making *proof of the cause of death*. It sought thereby to establish its limited liability under the war clause in the policy, a burden which plaintiff was not obliged to assume.

Proof of the cause of death need not be given although the insurer arbitrarily demands it, if the policy does not by its terms require specific information to be furnished as to the cause of death. Due proof of death, as distinguished from satisfactory proof of death, means only such reasonable evidence of the death of the insured

as will give assurance that the event has happened, but a failure to furnish a particular type of formal proof of death does not bar recovery when the policy does not require it, and the company has in its possession all the information which could be contained in such formal proof. 45 C. J. S., Insurance, § 1064, p. 1289; § 1067, p. 1302; 29 Am. Jur., Insurance, § 1120, p. 840; § 1123, p. 842.

Under the circumstances of this case, it is my belief that defendant waived more formal proof than that presented by admitting and recognizing partial liability for death of the insured, and proposing settlement therefor, upon its own terms. See 7 Couch, Cyc. of Ins. Law, § 1579, p. 5572; 45 C. J. S., Insurance, § 1073, p. 1314. The burden was on defendant, having admitted validity of and liability upon the policy for that purpose, to plead and prove that insured died while engaged in military service and that his death occurred at such time and in such manner that defendant's liability was thereby limited under the provisions of the war clause in the policy. That matter was purely defensive, and the burden was not on plaintiff in any manner to establish it for defendant. 46 C. J. S., Insurance, § 1319, p. 441.

Justice demands a determination of the case on its merits in the present action, and I concur in the conclusion of the majority that the cause should be reversed and remanded for further proceedings.

PAINE, J., dissenting.

With the concluding statement in the opinion of the majority, I cannot agree. This statement reads as follows: "Consequently, the facts recited in the letter constitute a sufficient proof of death within the provisions of the policy presently before us. This being true, the furnishing of proof of death as a condition precedent to the bringing of suit has been met."

Before discussing this point, I desire to make a more complete statement of the facts of the case.

This is a suit to recover on a life insurance policy

payable to the insured's estate. Action was brought by the widow as administratrix to recover from the insurance company the full face amount of the policy. A jury was waived. The trial court dismissed the action, without prejudice to a new action, on compliance with proof of loss requirements, and the administratrix appealed.

An amended petition was filed on April 10, 1945, in which plaintiff administratrix brought suit for a judgment for the full sum of $2,500 with interest at the rate of six percent from November 4, 1943. Attached to this amended petition is a copy of the policy sued upon, which is marked "Exhibit A." The policy is dated March 12, 1937; the name of the insured is James Francis O'Neil, who was 25 years of age at that time. The policy was issued by the Union National Life Insurance Company of Lincoln for $2,500.

Under the paragraph of this policy entitled "Incontestibility," the third provision reads as follows: "Conditions as to Military Service or Naval Service in time of war. Should the Insured die before attaining the age of thirty-five, from any cause while engaged in Military or Naval Service in time of war or within six months after the termination of such Service as a result thereof, the amount payable hereunder shall be limited to the premiums paid together with interest thereon at the rate of five per cent per annum, less any indebtedness thereon to the Company."

Under the "General Conditions" printed in this policy, it is provided that "This Policy is payable at the Home Office of the Company in Lincoln, Nebraska. Before any amount shall be paid hereunder, due proofs of the death of the Insured must be furnished, * * *."

The company in its answer admitted the issuance of the policy and that the policy was in full force and effect at the time of the commencement of this action. It further alleged that at no time has this defendant denied liability under the policy, but at all times it has recog-

nized it to be in full force and effect. The defendant company further alleged that said policy provides that its benefits are payable upon receipt of due proofs of death, and alleges that no such proofs of death have been furnished to the company prior to the commencement of this action.

For a reply the plaintiff administratrix admitted that the said policy provides that benefits are payable upon receipt of due proofs of death, and alleged that prior to the commencement of this action the defendant company by its written communication denied liability for the face amount of the policy and by such denial the defendant waived the furnishing of due proofs of death of the insured.

Upon cross-examination of the administratrix, counsel for defendant company offered in evidence exhibit No. 6, to which plaintiff objected, but it was received in evidence for the purpose of showing the fact of death. Said exhibit No. 6 was written by the administratrix at Sweetwater, Texas, December 22, 1943, addressed to the defendant company, the first sentence of said letter reading: "This letter will inform you of the death of Capt. James F. O'Neil, while in military service in Italy, November 4th." The second sentence of the letter described the policy. The last sentence was: "I would like to hear from you by return mail relative to this policy."

Exhibit No. 3, dated December 27, 1943, was the reply of the company to her, expressing regret to learn of his death, enclosing a settlement form for her to complete, and asking her to attach the official notification from the War Department of his death, saying they would photostat this and return it to her. The letter then continued:

"You will notice by the terms of the contract that the death claim under the conditions of your husband's death is the return of the life premiums paid with interest at 5%. In addition to this we will refund the Double Indemnity premiums from the date of enrollment in the

armed forces of your husband, on which date the benefits with the Double Indemnity clause are cancelled. * * *

"It appears that the total premiums paid, with interest and the refund of the Double Indemnity premiums will amount to approximately $245.00."

On January 13, 1944, the defendant company again wrote to the administratrix, saying they had received no answer and asking for the official notification of the War Department of the death of Capt. O'Neil, and saying: "When these proofs of death are received and approved, your claim will be paid, and we will return the notification of death to you."

On April 6, 1944, the defendant company wrote to her a third time, saying, in brief, that they had not heard from her and asking what they could do to help her complete the claim.

The principal assignments of error of plaintiff are: That the trial court erred in not finding that she had complied with all of the terms of the policy; that the court erred in finding that the defendant company did not waive the furnishing of due proofs of death; that the trial court erred in admitting in evidence and permitting cross-examination upon the letter, exhibit No. 6, of the plaintiff, notifying the company of the death of the insured; and erred in permitting cross-examination of the plaintiff as to why she did not answer the company's letters, and why she did not send the company a copy of the telegram from the War Department; that the decision of the trial court is not sustained by the evidence and is contrary to law.

The defendant company relies upon the Nebraska statutory requirement and sets out that the 12th provision of section 44-502, R. S. 1943, provides: "(12) A provision that when a policy shall become a claim by the death of the insured, settlement shall be made upon receipt of due proof of death, or not later than two months after receipt of such proof."

"Where, by the terms of a policy of insurance on

property, the payment of the loss is to occur only after the furnishing of notice and certain proofs thereof, the furnishing of such notice and proofs constitutes a condition precedent to any right of action thereon." 7 Cooley's Briefs on Insurance (2d ed.), p. 5737.

There is an obvious difference between the words "evidence" and "proof." The former, in legal acceptation, includes the means by which any alleged matter of fact is established or disproved. The latter is the effect or result of the evidence. See 1 Greenleaf, Evidence, § 1, p. 3.

Proof is that which convinces; evidence is that which tends to convince. Evidence is the medium of proof; proof is the effect of the evidence.

When a statute requires proof of death to be made, as our Nebraska statute does, it must be by legal evidence, not by a simple letter.

"Life policies frequently contain a provision requiring 'due notice and proof of death' before any right of action accrues upon the policy. Such a provision is of course a condition precedent to payment. And no liability attaches unless proof is furnished or unless the provision is waived." 5 Joyce on Insurance (2d ed.), § 3290, p. 5494. And this court has said: "And it seems to be the well settled doctrine in this country that the notice and statements, supported by oath, are conditions precedent, and must be performed before the assured is entitled to receive payment or sue for the loss, unless the company by some act on its part waives the performance of said conditions." McCann v. The Aetna Insurance Company, 3 Neb. 198.

"Proof of death is defined to be more or less formal evidence furnished insurer by claimant under policy of fact that death has occurred, the particulars thereof and the data necessary to enable the insurer to determine its liability, and no formality is essential in furnishing proof of death unless policy so requires." Schell v. Metropolitan Life Ins. Co., 3 S. W. 2d (Mo. App.) 269.

The question may properly be asked whether the sylla-

bus of the opinion adopted in the case at bar should not include the words "reasonably verified" following the words "a statement of facts," as found in the text of the opinion.

The plaintiff in the case at bar argues that the only real issues presented by the pleadings are whether the plaintiff performed all the conditions required of her by said policy, and whether the defendant company, as shown by its letters, waived the furnishing of due proofs of death.

But this court has said: "There is no forfeiture or denial of liability when the insurance company treats the policy sued upon as a valid or binding contract." Dodder v. Pacific Mutual Life Ins. Co., on rehearing, 104 Neb. 74, 176 N. W. 730.

However, from a careful examination of the letters in the case, I fail to see any possible statement in the three letters of the defendant company which can be construed as a denial of all liability and so constitute a waiver of the requirement that proofs of loss must be furnished.

It may be admitted that the defendant company did, in effect, very properly deny liability for the entire $2,500, but it offered to return the premiums, for which amount it would be liable in case of a war death, but it always insisted on the plaintiff first making due proofs of death.

It appears from plaintiff's actions that this kind of a settlement was not satisfactory to her, and after a delay of many months she brought suit for the entire face of the policy of $2,500 and never furnished the company with the required legal proofs of death, which were clearly required, first, by the terms of the policy itself, and, second, positively required by the law of Nebraska, which provision is a valuable protection to other policyholders by forbidding an insurance company to pay out its assets to a claimant who simply writes

in a letter saying the insured has met death, as the plaintiff did in the case at bar.

"A provision in an insurance policy reducing liability or exempting an insurer from liability in case the insured dies while engaged in naval or military service is valid, and not against public policy." 29 Am. Jur., Insurance, § 911, p. 695. See Olson v. Grand Lodge, A. O. U. W., 48 N. Dak. 285, 184 N. W. 7, 15 A. L. R. 1270.

The company in the instant case does not appear to me to be avoiding payment, but rather appears willing and able to settle this policy promptly and exactly according to the terms of the contract, when legal proof is made.

This dissent has adhered somewhat closely to the statements made by the trial court in its reasons for dismissing the plaintiff's action, as set out in the order of dismissal.

It is my considered opinion that this court should have affirmed the action of the trial court of a dismissal without prejudice to bringing a new action after compliance with the proof of death requirements.

YEAGER, J., dissenting.

I feel that I must dissent from the majority opinion in this case. I do not disagree with the principles of law set forth in the opinion as abstract principles of law but I earnestly insist that they have only remote application to the gist of the controversy which is presented here for determination.

From a reading of the majority opinion it is clear that the majority have mistakenly concluded that form of proof of death is the basic matter for consideration in this case. If that were true I would not hesitate to agree with the majority but it requires only superficial examination of the record to disclose that this is not true.

I agree with the majority that the term, due proof of death, as used in a policy of life insurance does not

require any particular form of proof, but that is not the question here. The question here is that of whether or not there was in fact, in substance, due proof of death.

I submit that under the decisions cited and the texts quoted from in the majority opinion the conclusions of the majority on the matter truly involved in this case do not find support. The exact opposite is true.

The following, the majority say directly, was sufficient in form as due proof of death and they say indirectly that it was sufficient in substance and in fact: "This letter will inform you of the death of Capt. James F. O'Neil, while in military service in Italy, November 4th."

They rest the sufficiency of this communication as due proof of death on a quotation from 29 Am. Jur., § 1120, p. 840, a quotation from a note from 109 A. L. R. 826, and three Nebraska cases. The authenticity of the quotations may not be questioned and neither may the fact that the Nebraska cases support the quoted statements be questioned but they do not sustain the sufficiency of the quoted communication as due proof of death.

The quotation from 29 Am. Jur., § 1120, p. 840, is but an excerpt from a paragraph which read as a whole makes clear that the communication is insufficient in substance as due proof of death. The quoted portion of the paragraph contains enough in itself to indicate insufficiency. The quotation points out that the proof must be adequate to enable the insurer to consider its rights and liabilities. I ask, how on the basis of the meagre information contained in the communication the insurer in this case can consider its rights and liabilities?

In the same paragraph and in the sentence following the one quoted appears the following: " * * * if it operates to bring the attention of the insurer to the loss, sets forth the essential facts upon which the liability of the insurer depends, and appears credible, it is sufficient; * * * ." I submit that the communication calls

attention of the insurer to the loss, but it fails to set forth essential facts upon which the liability of the insurer depends.

In the next paragraph of the section from which the quotation in the majority opinion is taken, due and satisfactory proof is defined as follows: "For proofs to be due or satisfactory, they should be such as to make out a prima facie case against the insurer, but they need not be of a higher grade than would be sufficient to establish a claim on the policy in court, nor need the information furnished be that of an eyewitness; any form of information which is substantial and trustworthy enough to enable the insurer to form an intelligent estimate of its rights is sufficient."

Would anyone suggest that the communication which it is asserted in the majority opinion is due proof of death be such as would make out a prima facie case against the insurer herein? Coming from the lips of its author it would not even be admissible in a court of law or equity for any purpose or in any event.

With the quoted note from 109 A. L. R. 826 I find no fault, but I insist that it supports the contention of this dissent and not the position taken in the majority opinion. The note calls for a statement of facts reasonably verified which if instead of being presented as proof of death under an insurance policy it were presented in court it would prima facie require payment of a claim.

Coming now to the Nebraska cases referred to in the opinion it may be said that none of them support the majority opinion beyond the declaration thereof that it is not necessary that due proof of death shall partake of any particular form. On the other hand the case of Wray v. Equitable Life Assurance Society, 129 Neb. 703, 262 N. W. 833, fully supports the contention of this dissent. Reasonably interpreted the opinion announces that the proof must be sufficient in statement of fact so that if it were presented to a court instead

of as proof of loss under an insurance policy it would make a prima facie case.

The cases of Schollman v. Prudential Ins. Co., 130 Neb. 662, 266 N. W. 75, and McAndrews v. Prudential Ins. Co., 132 Neb. 332, 271 N. W. 857, reiterate the rule in this respect laid down in Wray v. Equitable Life Assurance Society, *supra*.

In my opinion the majority have confused "proof" with "notice," and "form" with "substance." This ought not to be so. The terms should be allowed to retain that separate significance and recognition which has been theirs traditionally in law, literature, and lexicology.

The design of this dissent is not to aid in defeating the plaintiff of a right of recovery under the insurance policy which is the basis of this action. The position taken herein would not have that effect. It would only require that she supply the insurer with the facts necessary to permit it to intelligently and expeditiously act upon her claim. This requirement, in my opinion, is legal, contractual, and reasonable.