# Richmond.

## Metropolitan Life Insurance Co. v. Rutherford.

### March 15, 1900.

#### Absent, Riely and Harrison, JJ.

1. Insurance—*Warranties—Conflict Between Statements in Application and Proof of Loss—Demurrer to Evidence.*—If a life policy makes the statements of the application on which it is issued warranties, and such application states that the death of the father of the assured was caused by one disease, and the proof of loss made by the beneficiary and offered in evidence by him states that said death was caused by a different disease, on a demurrer to the evidence of the beneficiary, in an action against the insurance company, judgment should be given for the company.

2. Insurance—*Proof of Loss—Evidence.*—The preliminary proofs of loss under an insurance policy introduced in evidence generally by the beneficiary are *prima facie* evidence in favor of the insurance company of the facts therein stated. The company has the right to rely on the truth of such statements, and, in the absence of evidence of mistake or misapprehension of facts, the beneficiary who made such statements is bound by them.

3. Insurance—*Warranties—Materiality of Statements.*—Where the answers to questions propounded in an application for insurance are made warranties by the terms of the contract of insurance, its validity depends upon the literal truth of such answers, and it is a matter of no consequence whether they are material to the risk or not. Being warranties, they are in the nature of conditions precedent, and, like them, must be strictly complied with.

Error to a judgment of the Law and Equity Court of the city of Richmond, rendered April 28, 1899, in an action of debt, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*B. Rand. Wellford* and *Leake & Carter*, for the plaintiff in error.

*R. W. Ivey, J. Samuel Parrish* and *P. A. L. Smith*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is the second time this case has been before this court (95 Va. 773). Upon the former writ of error the judgment was reversed, and the cause remanded, with leave to the plaintiff to amend her declaration. The declaration was amended and another trial had, in which a verdict and judgment were rendered against the defendant. To that judgment this writ of error was awarded.

Several errors are assigned, among them that the trial court ought to have rendered judgment in favor of the defendant instead of the plaintiff on the demurrer to the evidence. If this be true, it will be unnecessary to consider the other assignments of error.

Upon the trial the plaintiff offered in evidence the two policies of insurance sued on, the applications therefor, proofs of the death of the insured, and certain oral evidence. The defendant, without introducing any testimony, demurred to the plaintiff's evidence.

By the terms of the policies of insurance, which are substantially alike, the answers and statements contained in the printed and written application for them were all made warranties and parts of the contracts of insurance. One of the conditions (the fourth) of each policy, which is expressly made a part of the contract, provides, among other things, that if any of the statements or warranties referred to in the policy, or upon which it was granted, were not true, the policy should be void. Among

the questions required to be answered in each application was whether the parents of the insured were living or dead, and, if dead, the cause of death. In reply to that question, the insured stated that his father was dead, and that the cause of his death was *cholera morbus.*

It was further provided by each contract of insurance (condition sixth) that proofs of death under it should be made upon blanks to be furnished by the company, and that the proofs should contain answers to each and every question propounded in the blanks to the claimant and other persons; that the contents of such proofs of death should be evidence of the facts stated therein in behalf of, but not against, the insurance company; and that no suit (condition seventh) should be brought against the company under the policy until ten days should have elapsed after filing in the home office proofs of death upon all the forms furnished by the company.

In the blanks furnished for proofs of death, the plaintiff, the beneficiary in the policies, was asked to state the cause of the death of the father of the insured, and she answered: " Fistula." This answer, it is insisted, shows that the statement of the insured in his application for insurance that his father died of *cholera morbus* was untrue, and that there was therefore a breach of the warranty which rendered the policies void, and prevented any recovery by the plaintiff. By the express terms of the contracts of insurance, those proofs were declared to be evidence in favor of the company, but not against it. But, independent of any agreement to that effect, the preliminary proofs presented to an insurance company, in compliance with the condition of its policy of insurance, are admissible as *prima facie* evidence of the facts stated therein in favor of the company. They were intended for the action of the company, and upon their truth it had the right to rely, and, unless corrected for mistake, the plaintiff was bound by them. Good faith required that she should be held to answers and statements made in the proofs of loss

until it was shown that she was under a misapprehension of the facts, or ignorant of material matters subsequently ascertained. *Insurance Co. v. Newton,* 22 Wall. 32; 4 Joyce on Ins., sec. 3766.

If the plaintiff had not introduced the proofs of loss, the defendant could have done so; but the plaintiff introduced them. The record does not state for what purpose they were introduced, but they seem to have been offered as evidence generally, and not merely for the purpose of showing that the company had knowledge of the *death* of the insured, and that proofs of death had been furnished as required by the conditions of the policy, as the plaintiff insists. If their introduction could have been limited to that particular purpose, as to which we express no opinion, no effort was made by her to so limit them. Having been introduced in evidence generally, and like the other testimony, they must be considered in all their parts, and effect must be given to all they prove, or tend to prove.

In the case of *Insurance Co. v. Newton, supra,* it was held that the preliminary proofs presented to an insurance company, in compliance with the condition of its policy of insurance, are admissible as *prima facie* evidence of the facts stated therein against the insured, and on behalf of the company.

In *The North American Fire Ins. Co. v. Zaenger,* 63 Ill. 464, a suit to recover for a loss under a policy of insurance, the plaintiff introduced in evidence generally his own affidavit of the loss made to the company, which showed that the house had become vacant some three weeks before the loss. There was no attempt made to limit the effect of the evidence to the fact that preliminary proofs had been made, and it was held that the evidence must be considered for all the purposes of the case, though its effect was to defeat the plaintiff's recovery.

In the case of *Helwig v. Mutual Life Ins. Co.,* 132 N. Y. 331, the policy sued on provided that the answers of the insured to the company's medical examiner were warranted to be true. In

answer to the question, " When last attended by a physician, and cause," the reply was, " Six years; measles." Upon the trial, for the purpose of proving the death of the insured, the plaintiff produced in evidence a verified certificate, made about four months after the application, in which the attending physician stated that he had been the medical attendant or adviser of the decedent "for astralgia, about one and a half years ago." That certificate, introduced in evidence by the plaintiff, it was held could be relied on by the insurance company as evidence to show the falsity of the answer made by the insured to the medical examiner.

In the case under consideration, the proofs of loss show that the death of the father of the insured was caused by a disease other than that stated in the application for insurance, thus showing *prima facie* the falsity of one of the answers of the insured which he had warranted to be true. No effort was made to show that this statement in the proof of loss was the result of a mistake, or was not true, although the plaintiff herself, the party who made the statement, testified in the case. In this condition of the record, the falsity of the answer of the insured as to the cause of his father's death must be treated as established. It may be, as the beneficiary insists, that this answer was not really material to the risk assumed by the company; but that does not affect the question.

Where the answers to questions propounded in an application for insurance are made warranties by the terms of the contract of insurance, its validity depends upon the literal truth of such answers, and it is a matter of no consequence whether they are material to the risk or not. Being warranties, they are in the nature of conditions precedent, and, like them, must be strictly complied with. *Lynchburg Fire Ins. Co.* v. *West,* 76 Va. 575; *Va. Fire & Marine Ins. Co.* v. *Morgan,* 90 Va. 290; *Home Ins. Co.* v. *Sibert,* 96 Va. 403. The warranty being untrue, the plaintiff cannot recover.

We are of opinion, therefore, that the defendant's demurrer to the evidence ought to have been sustained, and judgment given for it.

The judgment of the trial court must be reversed and set aside, and this court will enter such judgment as it ought to have entered.

*Reversed.*