HENRY HILL v. ÆTNA LIFE INSURANCE COMPANY.

(Filed 16 December, 1908.)

1. **Evidence—Res Gestæ—Narrative—Hearsay.**

   When a conversation between witness and deceased as to the manner in which he was injured is not a part of the *res gestæ* it is hearsay and incompetent evidence, though a very brief interval of time had elapsed.

2. **Evidence—Res Gestæ—Narrative—Declarations—Admissions.**

   When a personal representative has no personal knowledge of the cause of the death of his intestate, in an action for wrongful death, his declarations concerning it, or failure to deny a statement relative thereto, are not competent as evidence or as an admission.

3. **Insurance—Evidence—Proof of Death—Affidavits—Prima Facie Case—Hearsay—Burden of Proof.**

   In an action to recover upon an accident policy of insurance which, by its terms, exempts the company from liability if the assured was killed while "entering or trying to enter or leave a moving" train, it being admitted that insured was killed from injuries received from being run over by a train, the proofs of death, in evidence, are *prima facie* true against the personal representative of the relevant matters stated in his own and the affidavits of others concerning the manner of the killing, whether he had seen the other affidavits or not, if they were authorized

150—1

by him; and to impeach such matters as hearsay he must show error in the facts as stated, and not merely that they contained his own conclusion from hearsay evidence.

ACTION tried before *Peebles, J.,* and a jury, at May Term, 1908, of BUNCOMBE.

Defendant appealed.

*Julius C. Martin* for plaintiff.

*James H. Merrimon* and *James G. Merrimon* for defendant.

CLARK, C. J.   John Hill took out an accident policy for $1,000 in the defendant company.  The policy provided that, though the assured came to his death by accident, yet if it occurred through certain specified means the defendant would not be liable.  One of these provisions exempted the company from liability if the assured was killed, "entering or trying to enter or leave a moving conveyance using steam as a motive power."  The answer admitted that the death occurred from injuries sustained in being run over by a railroad train, but the defendant contended that the assured received such injuries while trying to leave a railroad car while the train was in motion.  There was no proof that the assured was seen on the car or was hurt in leaving it while in motion.

The defendant proved by a witness that just after a passenger train running twenty-five to thirty miles an hour had passed, he saw the deceased struggling and falling along beside the train; that witness ran there as quickly as he could, rolled the man over on his face and commenced to talk to him.  The court properly excluded any evidence as to what the injured man stated as to how he had sustained his injury.  Though the time which had elapsed was brief, the conversation was not a part of the *res gestæ.*  It was not exclamatory but narrative, and therefore hearsay and incompetent.  *Bumgardner v. Railroad,* 132 N. C., 440.  In *Seawell v. Railroad,* 133 N. C., 515, the statements admitted were as to declarations made during the transaction and a part of the *res gestæ,* and not a narration.  The same is true of *Means v. Railroad,* 124 N. C., 578.  The evidence offered of declarations made a few minutes still later by the deceased as to the manner in which he had been injured

were, of course, incompetent. The fact that the plaintiff had repeated one of these statements made to himself did not make it competent. It was merely hearsay still. A witness for plaintiff testified that he saw the train run over the assured—that it was running four or five miles an hour.

Declarations made by the plaintiff, the beneficiary of the policy, as to statements by the deceased of the manner in which he had been killed, and not denied by him, were incompetent. The plaintiff knew nothing of the matter, and no admission of the truth of the statements could be drawn from his failure to deny them.

Among the proofs of death which the plaintiff had filed with the defendant company was an affidavit by M. J. Hill, which stated that the assured "was on the train with his brother, Thomas Hill, and just after the train started John Hill stepped from the train and was caught by his overalls and thrown under the car wheels, at about 8:30 A. M., on train No. 30, eastbound"; also an affidavit from plaintiff stating substantially the same. One Starnes testified that he got up said proofs, as agent for plaintiff, and sent them off, but that the plaintiff "did not see any of the proofs of loss except his own affidavit." His Honor thereupon excluded all such proofs except the plaintiff's affidavit. The plaintiff testified that he knew nothing about the manner in which the assured received his injuries, not being there at the time, except what others had told him. His Honor instructed the jury that the affidavit of plaintiff which had been filed as a proof of loss, standing alone, made out a *prima facie* case to show that John Hill exposed himself to extraordinary risk, and under the terms of the policy would reduce the recovery to $200; but if the jury believed the plaintiff's testimony, that he was not present when the assured sustained his injuries and knew nothing about the matter of his own knowledge, and the burden being upon the plaintiff to prove this, if the jury were satisfied by the greater weight that the affidavit was made by plaintiff without any knowledge on his part as to how the deceased sustained his injuries, the jury would be justified in answering the third issue "$1,000."

The proofs of loss, though not conclusive and irrebuttable by plaintiff, are *prima facie* true as against him. *Insurance Co. v. Newton,* 22 Wall., 22; *Insurance Co. v. Rodel,* 95 U. S., 232. The burden was upon the plaintiff to show that a statement made in the proofs of loss was erroneous in fact. The plaintiff, having filed them, has vouched for their truth. He must show mistake. It is not sufficient to negative a statement therein made to show merely that the affiant made his affidavit as a conclusion from evidence—as hearsay—which would have been excluded if offered on the trial of an issue. as to the fact stated. The plaintiff weighed the evidence and swore to the facts stated in his affidavit. He must show that there was error as to the fact—not merely that he relied upon hearsay statements. It was also error to strike out the other affidavits in the proofs of death upon the testimony of Starnes that he had sent them on, by plaintiff's authority, but the plaintiff had not seen them. Aside from the fact that the court was thus holding that Starnes' testimony was true, there is the further consideration that, these "proofs" having been filed by plaintiff's authority, the facts therein stated are to be taken as true against him, unless he show mistake, and that he must show that the facts stated in the "proofs" are not true.

Error.