ZIMMERMAN, Respondent, vs. FRATERNAL RESERVE ASSOCIATION, Appellant.

*December 4, 1917—January 5, 1918.*

*Life insurance: Benefit certificate avoided by suicide.*

In an action upon a death benefit certificate which by its terms was to be void in case of death of the insured by suicide, the undisputed facts, including a statement signed by the widow, as part of the formal proofs of death, that the assured died by his own hand, are *held* conclusively to prove suicide; and a verdict for defendant should have been directed.

APPEAL from a judgment of the municipal court of Langlade county: T. W. HOGAN, Judge. *Reversed.*

Action on a death benefit certificate issued by the defendant, a mutual benefit association, to one Arthur F. Zimmerman, deceased, husband of the plaintiff, the defense being that the deceased committed suicide. The case was tried before a jury and a special verdict rendered negativing suicide. Judgment being rendered for the plaintiff thereon, the defendant appeals.

The facts were not in material dispute and were substantially as follows: Arthur F. Zimmerman was a clothing merchant at Antigo and became a member of the defendant association in 1902, receiving the certificate in question. He remained a member in good standing and was active in building up the local lodge until his death, January 26, 1916, and for a considerable part of the time served the local lodge as its president and secretary. For more than two years before his death he had collected the monthly dues of members of the local lodge as agent of Mrs. Liebert (the secretary). The members would leave their dues at his store and he would settle monthly with Mrs. Liebert. Several times the monthly settlement was delayed because Zimmerman did not have the money in the bank, and at the time of his death there was $58 in his hands. Zimmerman's estate is not yet fully settled, but admitted to be insolvent. He was a cheerful man, and there is no evidence to show that his home life was other than happy. He was found dead at about 11:30 o'clock a. m. on the 26th day of January, 1916, under circumstances which are tersely and correctly stated by the trial judge as follows:

"The deceased's body was found January 26, 1916, sitting in a backless chair, in an upright position, in one of the Odd Fellows' anterooms, connected with their hall in this city, his back against one of the entrances leading to this anteroom. He was a member of that order, and the day of his death it seems the order was arranging for some kind of a

meeting or entertainment that evening.    When found, his left hand was on his lap and his right hand hanging by his side.    On a table near by was his overcoat neatly folded, and his hat on top of that.    On the floor and about three feet in front of the chair in which he was sitting was a pool of blood, and a revolver lying near it, with four loaded shells and one empty chamber.    When discovered, blood was oozing out of his nose and mouth and a wound on his right temple.    The body after found was, by direction of the public authorities, removed to the undertaking rooms, and a coroner's jury impaneled.    In his pockets were found his watch, two or three dollars in money, a couple of court summonses, two bank notices informing him of notes coming due, and a letter.    This letter was found in an inside coat pocket, signed, sealed, and addressed to his wife.    The district attorney and the sheriff took the letter over to the jail and, without any authority from *Mrs. Zimmerman* and without any knowledge on her part, opened it, read it, and, as the attorney said, 'saw it had things in it that we felt the public was not concerned with in any way, shape, or manner.'    The letter was again sealed by the district attorney and delivered to the plaintiff's son or some one to be taken to her."

In due time the usual proofs of death were served on the association, prepared and forwarded by the local secretary, Mrs. Liebert.    The statement of the claimant or beneficiary (the plaintiff), which was part of the proofs, was signed by the plaintiff and contained opposite the question "Cause of death?" the words "Act of his own hand."    The statements of the officiating clergyman and the president and secretary of the local lodge, which were part of the proofs, contained the same statement.    The plaintiff did not deny that she signed the statement purporting to be signed by her, but claimed that no other papers were attached to it and stated that she could not say whether the words "Act of his own hand" were in it at the time of signature.

The defendant served notice on the plaintiff to produce the letter, but she declined to produce it, and objected to its introduction in evidence, also to testimony as to its contents,

on the ground that it was a confidential communication between husband and wife, which objection was sustained. A motion by defendant to direct a judgment in its favor was denied, as were motions for judgment on the verdict and for a new trial.

*E. R. Hicks* of Oshkosh, for the appellant.

For the respondent there was a brief by *Finucane & Avery* of Antigo, and oral argument by *C. H. Avery.*

WINSLOW, C. J. In this case we are satisfied that a verdict for the defendant should have been directed. The undisputed facts conclusively prove suicide. They need not be restated here. The proofs of death, which stated that the deceased died by his own hand, were unexplained, and made a *prima facie* case of suicide. *Voelkel v. Supreme Tent K. M. W.* 116 Wis. 202, 92 N. W. 1104. Not only was there nothing to rebut the *prima facie* case thus made, but there was much to strengthen it. There was no disorder in the death room, no evidence of struggle, no robbery, no indication of any kind pointing to death by violence or accident, while every fact is consistent with and points to suicide.

The sealed letter in his pocket addressed to his wife, who was but a few blocks away and living with him as his wife, taken in connection with the fact that she would not permit its contents to be disclosed, may well be regarded as strongly confirmatory of the fact of suicide. Under the circumstances presented by the evidence, not only is the presumption against suicide completely overthrown, but the fact of suicide seems to us to be established to a reasonable certainty. *Hart v. Fraternal Alliance,* 108 Wis. 490, 84 N. W. 851; *Voelkel v. Supreme Tent K. M. W., supra.*

*By the Court.*—Judgment reversed, and action remanded with directions to dismiss the complaint.