## SUPREME FOREST WOODMEN CIRCLE v. GARCIA et al.

### No. 9917.

Court of Civil Appeals of Texas. San Antonio.

Feb. 11, 1937.

Rehearing Denied April 14, 1937.

SMITH, Chief Justice.

This suit was to recover upon two beneficiary certificates issued upon the life of Elida R. Garcia, by Supreme Forest Woodmen Circle, a fraternal benefit society, operating under familiar laws of this and other states. It is conceded that the certificates were regularly issued, and were in full force at the death of the member (assured). It was provided in the certificates that in event of the death of the member, from tuberculosis, within twelve months from the issuance of the certificates, the liability of the society to the named beneficiaries would be restricted to the amount of premiums which had been paid upon the certificates. It is conceded that such provision was valid, and that the insured member died within the twelve months' period, and that if the member in fact died from the effects of tuberculosis, the liability of the society must be restricted as so provided in the certificates. From a judgment awarding recovery to the beneficiaries for the full amount of the face of the certificates, together with interest, penalty, and attorney's fees, the society has appealed. The cause was tried before the court without a jury. The trial judge filed no findings or conclusions. A statement of facts accompanies the record.

The record presents a somewhat anomalous situation. It is conceded that, in due course after the member's death, appellees furnished to the society proof of the death of the member, in pursuance of appropriate provisions in the certificates. This proof of death consisted, first, of the affidavit of the sole beneficiary in one of the certificates, and a joint beneficiary in the other certificate, in which it was recited positively and specifically that the cause of the death of the member was "cough, fever, tuberculosis"; second, a sworn statement of "grove (local) officers" of appellant, that the member's "death resulted from cough, fever, tuberculosis"; and, third, the sworn "certificate of the attending physician," that he attended the member during her last illness for "acute tuberculosis of both lungs"; that both the "remote" and "immediate cause of death" was "T. B."

■ Those documents, verified by affidavits, were procured by appellees, as beneficiaries and claimants of the insurance money, and were by them furnished to appellant as the insurer, as the basis of their

Henry, Bickett & Bickett, of San Antonio, for appellant.

L. B. Cooper, of Cotulla, and William Alter, of San Antonio, for appellees.

claim, and as evidence of their right to the insurance under the certificate sued on. Not only were these evidences procured by appellees and by them sponsored and presented to appellant, but they were alleged in their petition as having been furnished by them as a condition precedent to their right to sue upon the certificates; they avowed, by necessary implication, the truth and accuracy of that evidence of the fact and cause of the assured's death. They did not allege that the statement (in their proof of death) that the assured died of tuberculosis was not true, nor that the statement was made ill-advisedly, or for want of better information, or that it was induced by any species of fraud, accident, or mistake. They did not undertake, either by pleading, or evidence, to explain, correct, or repudiate that statement, but permitted the insurer to act upon it as a true statement throughout from the time of its presentation. The assured's husband, the principal beneficiary and claimant, who swore to the statement, did not testify, or offer to testify, upon the trial of the case, nor did any other affiant who swore to the proof of death. Incidentally, it should be stated that appellant specially pleaded the defense that the assured died of tuberculosis within twelve months from the issuance of the certificates, and the correlative provision in the member's applications for the certificates that the same would be voided in that contingency. Appellees pleaded nothing, not even a general denial, in avoidance of that defense, or in explanation or repudiation of the proof of death. And upon the trial appellant introduced, in support of that defense, said proof of death furnished by appellees, who did not, by pleading or evidence, challenge the correctness of that proof, or the statement therein that the assured died of tuberculosis.

■ The applicable rules are that proofs of death in such cases as this are admissible, when offered by the claimant, to show compliance with the contractual requirement for filing proofs of death; and when offered by the insurer, to show admissions against the interests of the claimant.

■ Proofs of death, when furnished the insurer by the claimant as required in the contract of insurance, and which contain statements which, if true, have the effect of relieving the insurer of liability,

are not necessarily conclusive against the claimant as to such statements, or as to the cause of death, as in this case. Such statements make a prima facie case against the claimant, but he may explain, repudiate, or correct the same, and show the true cause of death was other than that stated by him in the preliminary proofs furnished the insurer.

■ But in order to avail himself of the right to rebut the facts stated in his previous admission (which if permitted to stand would destroy his case), he must first expressly explain, correct, or repudiate such statement, and until he does so he is not entitled to recover. Such appears to be the rule in this as well as many other jurisdictions. May on Ins. (3d Ed.) § 477; Beach's Law of Ins. pp. 17, 18, §§ 55, 66; Couch's Encyc. Ins. Law, §§ 2225, 2226; 33 C.J. pp. 17, 18, §§ 665, 666; Thornell v. Missouri State L. Ins. Co. (Tex.Com.App.) 249 S.W. 203; Bank Sav. L. Ins. Co. v. Milan (Tex.Civ.App.) 70 S.W.(2d) 294 (writ ref.); Mutual Ben. L. Ins. Co. v. Newton, 22 Wall. 32, 22 L.Ed. 793; Mutual Ben. L. Ins. Co. v. Higginbotham, 95 U.S. 380, 24 L.Ed. 499; Keels v. Mutual Life Ass'n (C.C.) 29 F. 198; Campbell v. Charter Oak Ins. Co., 10 Allen (Mass.) 213; Zimmerman v. Fraternal, etc., Ass'n, 166 Wis. 446, 166 N.W. 5; Metropolitan L. Ins. Co. v. Rutherford, 98 Va. 195, 35 S.E. 361; Hill v. Ætna Ins. Co., 150 N.C. 1, 63 S.E. 124; McMaster v. President of Ins. Co., 55 N.Y. 222, 14 Am.Rep. 239; Parmelee v. Hoffman Ins. Co., 54 N.Y. 193; Prudential Ins. Co. v. Breustle's Adm'r (Ky.) 41 S.W. 9; Stephens v. Metropolitan L. Ins. Co., 190 Mo.App. 673, 176 S.W. 253; Burgess v. Pan-American Ins. Co. (Mo. App.) 211 S.W. 114; Hanna v. Connecticut Mut. L. Ins. Co., 150 N.Y. 526, 44 N.E. 1099; Reserve Loan Life Ins. Co. v. Isom, 70 Okl. 277, 173 P. 841.

■ Under that rule, and those authorities, the court below was without authority to render judgment awarding recovery to appellees upon the certificates sued on, and the judgment must be reversed accordingly. But as the case does not appear to have been fully developed, we conclude that the justice of it will be better served by remanding the cause, rather than rendering judgment, as prayed for by appellant.

Reversed and remanded.