Oscar Heineman Corporation, Appellee, v. Standard Surety & Casualty Company of New York, Appellant.

**Gen. No. 38,923.**

Opinion
filed March 24, 1937. Rehearing denied April 12, 1937.

PEREGRINE & BRUEGGER and HINSHAW & CULBERTSON, all of Chicago, for appellant; OSWELL G. TREADWAY, of Chicago, of counsel.

BRUCE E. BROWN and SCOTT, MacLEISH & FALK, all of Chicago, for appellee.

MR. JUSTICE HALL delivered the opinion of the court.

This is an appeal from a judgment of the municipal court of Chicago in favor of plaintiff for the sum of $759.55 and costs of suit. It is charged in the statement of claim that plaintiff was required to and did pay out certain moneys for attorney's fees and costs in two certain proceedings, one instituted against plaintiff here, by Estelle Stafira in the superior court of Cook county, and the other before the Illinois Industrial Commission. The action is predicated upon the theory that defendant breached a policy of insurance entered into by and between the parties here, and that because of such breach, defendant became liable to pay and indemnify plaintiff for and on account of such expenditures. The material portion of the contract which it is alleged plaintiff breached, is as follows:

"STANDARD WORKMEN'S COMPENSATION AND
EMPLOYERS' LIABILITY POLICY
STANDARD SURETY & CASUALTY COMPANY OF
NEW YORK
"(Herein called the company)
"Does Hereby Agree with this employer, named and described as such in the Declarations forming a

part hereof, *as respects personal injuries* sustained by employees, including death at any time resulting therefrom as follows: (Italics ours)

"One (a) To pay promptly to any person entitled thereto under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due,

"(1) To such person because of the obligation for compensation for any such injury imposed upon or accepted by this employer under such of certain statutes, as may be applicable thereto, cited and described in an endorsement attached to this Policy, each of which statutes is herein referred to as the Workmen's Compensation Law, and

"(2) For the benefit of such person the proper cost of whatever medical, surgical, nurse or hospital services, medical or surgical apparatus or appliances and medicines, or, in the event of fatal injury, whatever funeral expenses are required by the provisions of such Workmen's Compensation Law.

"It is agreed that all of the provisions of each Workmen's Compensation Law covered hereby shall be and remain a part of this contract as fully and completely as if written herein, so far as they apply to Compensation or other benefits for any personal injury or death covered by this Policy, while this Policy shall remain in force. Nothing herein contained shall operate to so extend this policy as to include within its terms any Workmen's Compensation Law, scheme or plan not cited in an endorsement hereto attached.

"One (b) To Indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of

Canada. In the event of the bankruptcy or insolvency of this employer the company shall not be relieved from the payment of such indemnity hereunder as would have been payable but for such bankruptcy or insolvency. If, because of such bankruptcy or insolvency, an execution against this employer is returned unsatisfied in an action brought by the injured, or by another person claiming by, through or under the injured, then an action may be maintained by the injured, or by such other person claiming by, through or under the injured, against the company under the terms of this policy for the amount of the judgment in said action not exceeding the amount of this Policy. . . .

"Three. To defend, in the name and on behalf of this employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent.

"Four. To pay all costs taxed against this employer in any legal proceeding defended by the company, all interest accruing after entry of judgment and all expenses incurred by the company for investigation, negotiation or defense."

In the complaint filed in the cause in the superior court, it was charged *inter alia,* that Estelle Stafira was employed by the plaintiff in the manufacture of silks, and that in the course of such work, moisture and other substances contained in the silk macerated the skin of the hands and body of Estelle Stafira, so that it affected her health; that in the work in which she was engaged, she was caused to come in contact with various drugs and substances in harmful quantities and under harmful conditions, so that it was likely to and did, produce illness and disease, especially

to the hands, arms and other parts of the body; that all this work was carried on in violation of the Occupational Diseases Act of the State of Illinois, Ill. State Bar Stats. 1935, ch. 48, ¶ 185 *et seq.;* Jones Ill. Stats. Ann. 143.01 *et seq.;* that such condition was directly caused because the Oscar Heineman Corporation, plaintiff in this cause, neglected to provide gloves, or other proper covering for the hands and arms of Estelle Stafira, and failed to cause her and its other employees to be examined by a competent licensed physician as often as once each calendar month, as required by the Occupational Diseases Act. In this complaint, she also charged that by reason of the exposure to the silks and the drugs used in the manufacture of silk, she was poisoned and her skin became infected, and she was made sick and diseased by reason thereof, that her earning capacity was permanently impaired, and she asked damages in the sum of $5,000.

Prior to the commencement of the suit against plaintiff, plaintiff received a letter from the woman's attorney dated February 1, 1934, notifying plaintiff of her claim against it, and in which he asked that he, the attorney, be referred to the insurance company insuring plaintiff, in case plaintiff was insured, and inclosing a claim for an attorney's lien. Upon receipt of this letter by plaintiff and on February 11, 1934, plaintiff wrote to the defendant inclosing a copy of this letter from the woman's attorney, and calling defendant's attention to the fact that plaintiff was insured against the claim of Estelle Stafira. On February 15, 1934, plaintiff received a reply from the defendant, acknowledging the receipt of this letter. Plaintiff thereupon furnished defendant with a history of the employment of Estelle Stafira, which indicated that she had been originally employed by plaintiff in the year 1923, and that she had been treated for erythema on her hands in 1927 and 1928, and that she had been

thereupon transferred to another department in plaintiff's institution. On July 14, 1934, after being served with summons, in the cause, plaintiff forwarded the summons to defendant. Thereafter, and on July 25, 1934, plaintiff received from defendant the following letter:

"We are returning herewith summons which you forwarded to us in the above captioned matter. This was referred to our home office who advised us that as this is a common law action based upon the violation of the provisions of Section 1 of the Occupational Diseases Act, it is not covered under the terms of our policy. For your information there are two methods of procedure under the Occupational Diseases Law of Illinois, set out in Section 15 of the Act." After receiving the last mentioned letter, plaintiff employed counsel and filed a motion to dismiss the complaint filed by Estelle Stafira in the superior court of Cook county on the ground that from the allegations in the declaration, it was shown that the court had no jurisdiction of the subject matter, but that the injuries complained of were all within the provisions of section 3 of the Workmen's Compensation Act of the State of Illinois, Ill. State Bar Stats. 1935, ch. 48, ¶ 202; Jones Ill. Stats. Ann. 143.18. The record shows that the court overruled this motion upon the ground that the matter set forth in the motion should be incorporated in an answer, and that an answer setting forth the matters set forth in the motion heretofore referred to, was thereupon filed by plaintiff's attorneys. About this time Estelle Stafira filed a claim for the same injury with the Illinois Industrial Commission, in which the same matters, in substance, were set up as were set forth in the complaint filed in the superior court. After a hearing before the industrial commission, this commission made an award to Estelle Stafira of $165, and plaintiff's counsel thereupon secured an agreement with Estelle Stafira which pro-

vided that upon the payment of the award made by the industrial commission, the suit in the superior court would be dismissed. After the entry of the award by the industrial commission, defendant here by its attorneys, unsuccessfully petitioned the commission for a review of the case. After the award of the industrial commission was made, plaintiff herein sent to the defendant corporation a bill for attorney's fees rendered by its special counsel, Scott, McLeish & Falk, dated April 4, 1935, which is as follows:

"To legal services rendered, Stafira v. Oscar Heineman Corporation, No. 34 S 9438, Superior Court, Cook County and claim of Estelle Stafira before the Industrial Commission of Illinois, No. 208440, as follows:" Then follows an itemized bill, the total of which is in the amount claimed by plaintiff in this proceeding. This bill was paid by plaintiff on September 3, 1935. In reply, plaintiff here received from defendant the following communication dated April 12, 1935:

"Oscar Heineman Corporation,
2701 Armitage Ave.,
Chicago, Ill.
          "File No. 12-C-4549
          Assured—Oscar Heineman Corp.
          Claimant—Estelle Stafira
"Gentlemen:

"We are in receipt of an itemized bill for legal services rendered by Scott, McLeish & Falk under date of April 4, 1935. This bill is in the sum of $759.55, and covers charges for legal services rendered in the case of Stafira vs. Oscar Heineman Corporation, #345 9438, Superior Court of Cook County, and for legal services rendered in the matter of the claim of Estelle Stafira before the Industrial Commission of Illinois, #208440.

"We are transmitting this bill to our Home Office for their appropriate attention without assuming or

admitting any liability for the charges made. As you know, the Common Law claim against you was not covered by the terms and provisions of our policy and you were so informed under date of July 24, 1934.

"With reference to the defense of the claim before the Industrial Board, our records at this office do not show that you at any time requested us to defend the same after you received the Notice of Application for Adjustment of Claim. After receiving the Notice of Application for Adjustment of Claim, you referred it to your attorneys, Scott, McLeish & Falk, who undertook a defense thereof. Thereafter, a short time before the proceeding on arbitration at the Industrial Commission was reached for trial, your Mr. Cole informed the writer of the pendency of said proceeding on arbitration.

"At this time the appearance of Scott, McLeish & Falk was on file in this proceeding pursuant to the arrangement you had with the latter for the defense thereof.

"As above indicated, this charge for services of Scott, McLeish & Falk is being submitted to our Home Office for their appropriate attention, and as soon as we are informed of their attitude, we will communicate with you.

"Very truly yours,
Charles G. Martin
Adjuster,
Chicago Claims Office."

There is nothing in the record to indicate that plaintiff ever received any further communication from defendant.

There is no question raised here as to the reasonableness of the charge made by counsel employed by plaintiff for such counsel's services in the superior court. The position of the defendant is that by the terms of the policy issued by defendant to plaintiff, defendant is not liable because the "disablement"

claimed to have been suffered by Estelle Stafira resulted from an occupational disease, that it was not a "personal injury" covered by the policy of insurance, and that a reasonable charge for plaintiff's special counsel before the industrial commission would be $50. No evidence was offered or received as to this latter contention.

We again call attention to paragraph 3 of the insurance policy, which is to the effect that defendant agreed "to defend, in the name and on behalf of this employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, *although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent.*" (Italics ours.)

In the action brought against plaintiff by Estelle Stafira, it was charged that plaintiff had wilfully and negligently violated certain provisions of the statute, resulting in the woman's serious and obviously "personal injury," for which she claimed plaintiff was liable, and for which she asked damages in the sum of $5,000. If this action in the superior court had been allowed to go by default, it might well have been that plaintiff would have had a judgment, in a large sum, entered against it. "Such injuries," mentioned in section 3 of the contract can only mean "personal injuries" referred to in the first paragraph thereof.

We are of the opinion that under paragraph 3 of this policy, it was the duty of the defendant here to have defended plaintiff, as it had agreed to do, and that by refusing to so defend, it became liable to plaintiff for the expenses and fees paid out by plaintiff which total the amount of the judgment. The judgment is, therefore, affirmed.

*Affirmed.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.