## SUPREME FOREST WOODMEN CIRCLE
### v. GARCIA et al.
#### No. 10342.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 18, 1939.

Rehearing Denied Feb. 15, 1939.

Henry, Bickett & Bickett, of San Antonio, for appellant.

William Alter and Henry Castillo, both of San Antonio, and L. B. Cooper, of Cotulla, for appellees.

SLATTON, Justice.

This Court reversed and remanded this cause upon the first appeal, 103 S.W.2d 1108. When it reached the trial court amended pleadings were filed by the beneficiary claimants, and after trial to the court claimants were awarded judgment against the insurer, hence this appeal.

Appellant asserts that the proofs of death furnished to insurer by claimants showing the insured died of tuberculosis precluded the claimants from denying that the insured died of tuberculosis. It seems to be the rule in this State that proofs of death are subject to explanation or contradiction. Thornell v. Missouri State Life Ins. Co., Tex.Com.App., 249 S.W. 203. The introduction in evidence of the proofs of death made a prima facie case upon which the insurer could rest its defense, and unless the claimants by competent evidence controverted such prima facie showing the insurer would be entitled to prevail.

One of the claimants, an aunt of the insured, testified that she did not know what caused the death of her niece. She could not read or write the English language and did not know that the proofs of death stated that the insured died of tuberculosis. In fact, the witness corrected her statement in the proofs that her niece died of such disease.

Another claimant testified that he signed the proofs of death but did not furnish any of the information contained therein. He desired to correct the statement that his wife (insured) died of tuberculosis because she did not have tuberculosis. He did not know the proofs of death showed the cause of death to be tuberculosis.

The insured was attended by a physician who testified that in his opinion death was caused by tuberculosis. He did not make a clinical test so that he could be positive about it. On cross-examination he testified that the cause of death was either tuberculosis, empyema or pyemia, no one could be positive without having made a clinical test. A number of lay witnesses, who were intimately acquainted with insured, testified that up until about two or three weeks before her death insured attended to all her household duties for her family of seven. That she was energetic and industrious. About twenty-six months prior to her death she became the mother of a normal child. She appeared to be a woman in good health; appeared to be jovial and happy and never complained of any ailments until about two or three weeks before she died. On the night of September 30, 1934, she and her husband attended a Mexican celebration at Cotulla and on this night she appeared to be a woman in good health and her appetite was good. She was about twenty

years of age at the time of her death and her normal weight was about 115 to 120 pounds, until about two weeks before her death when she lost weight to, at the time of her death, about 105 pounds. On the night of the celebration she began complaining of a severe pain in her back. A doctor was not called until the morning of October 1st, 1934, and she was not attended again by a doctor until two days before her death, October 13, 1934.

The physician further testified that empyema was a disease that very often resulted in death suddenly or over a period of two or three or four weeks.

It is contended by the appellant that the evidence conclusively shows the insured died of tuberculosis. This contention cannot be sustained. Universal Life & Accident Ins. Co. v. Ledezma, Tex.Civ.App., 61 S.W.2d 165, writ dismissed; National Life & Accident Co. v. Muckelroy et al., Tex.Civ.App., 40 S.W.2d 1115.

It is next contended by the appellant that the overwhelming weight and preponderance of the evidence shows the insured died of tuberculosis within twelve months of the date of the insurance of the policies and the trial court erred in rendering judgment against the insurer. It is true that if the insured died of tuberculosis, under the provisions of the policies, the claimants should not recover. The evidence, as we view it, presents an issue of fact as to the cause of insured's death. The attending physician examined the insured at the time of the issuance of the $1,500 policy, and testified she did not have tuberculosis at that time and that he could not swear positively that she died of that disease. Taking into consideration all the evidence in the record, we are of the opinion that the judgment rendered by the trial court is not against the weight and preponderance of the evidence. The judgment is affirmed.