ROBERT McNAMEE, PLAINTIFF-APPELLANT, v. METROPOLITAN LIFE INSURANCE COMPANY, A CORPORATION OF THE STATE OF NEW YORK, DEFENDANT-RESPONDENT.

Submitted May 28, 1948—Decided September 3, 1948.

For the plaintiff-appellant, *Nicholas S. Schloeder.*

For the defendant-respondent, *Nugent & Rollenhagen (John P. Nugent,* of counsel).

The opinion of the court was delivered by

Jacobs, J.   This is an appeal from a judgment directed by the lower court in favor of defendant, Metropolitan Life Insurance Company.

Plaintiff-appellant, Robert McNamee, is the beneficiary named in two life insurance policies, issued by the defendant to his brother, the decedent, Frank McNamee.   Each policy contained a provision for double indemnity in case of death resulting independently of other causes from "bodily injuries caused solely by external, violent and accidental means." The defendant paid the face amounts of the policies but refused to make payment under the double indemnity provisions and plaintiff's action is to recover thereunder.   At the close of the trial the lower court granted the defendant's motion for a directed verdict on the ground that the plaintiff had failed to comply with the policy provision that "due proof" of death exclusively by accidental means be furnished to the company.

The decedent was employed as a hold man or stevedore on the steamship *"Joseph Gale."*   He was a strong powerful man and had never complained of illness.   During the evening of July 2d, 1945, he had been on an upper deck and

was coming down the companionway steps when he fell, somersaulted in the air, tried to reach a guard rail but failed, and landed on the deck below where his head was caught between the bottom step and the step above. He died immediately. One of the witnesses described the termination of his fall as follows: "his head went in between the two steps and jerked, a sudden jerk." A death certificate described the cause of death as "Syncope due to cardiac disease, probably myocardial in nature." At the trial a physician testified that syncope or fainting was excluded by the evidence that the decedent had, in the course of his fall, "grabbed for" the guard rail. He expressed the opinion, from the evidence submitted, that the decedent's fall had caused a fractured skull which resulted in his death.

Plaintiff's claim as beneficiary for payment pursuant to the double indemnity provision was made in due course. The death certificate was furnished to the company and under date of August 10th, 1945, the plaintiff received a letter from the company reading "kindly advise us if you have secured any proof that your brother's death was due to an accident." Under date of August 17th, 1945, plaintiff's attorney responded to this letter and advised that he had affidavits from fellow employees who witnessed the decedent's fall. Quotations from these affidavits, embodied in the letter, adequately described the accident and the surrounding circumstances. The letter further stated that if the submitted "information is sufficient, I am prepared to substantiate it. If not, if you still refuse to recognize this a death caused by an accident, kindly return to me the policies surrendered by Mr. McNamee * * *." In response to this letter the company advised by letter dated August 22d, 1945, that, "Further facts are required before we can determine whether this additional benefit is payable. We are directing an immediate inquiry. Should you be called upon for information, your co-operation will be greatly appreciated." The plaintiff was called upon for nothing further but by letter dated September 20th, 1945, the company advised that, "The cause of death on the death certificate was given as syncope due to cardiac disease, probably myocardial in nature. There is no reference to any

accident or injury. Inasmuch as death was not solely the result of bodily injuries and disease contributed to the death, we cannot justify payment of the Accidental Death Benefits."

The trial judge expressed the view, which is not disputed in defendant's brief, that the facts produced at the trial were sufficient to present an issue for determination by the jury as to whether the death resulted exclusively from accidental means within the contemplation of the policy provision. Indeed, apart from the death certificate, the pertinent evidence introduced during the trial tended to support this conclusion. Since the death certificate was based on an examination, by county's physician, of the decedent's body, on the day following his death and without knowledge of the facts, the reference therein to cardiac disease is of doubtful weight. *Cf. Aitken* v. *John Hancock Mutual Life Insurance Co.* (*Court of Errors and Appeals,* 1940), 124 *N. J. L.* 58; *Kramerman* v. *Simon* (*Supreme Court,* 1944), 131 *Id.* 250, 254. In any event, we agree that the issue was probably one for the jury's determination.

The trial judge found, nevertheless, in reliance upon *Kustor* v. *Metropolitan Life Insurance Co.* (*Supreme Court,* 1910), 12 *N. J. Mis. R.* 565, that the letter from the plaintiff's attorney to the insurance company did not constitute compliance with the formal policy requirement of "due proof" and his direction of verdict was rested on that ground. Without passing upon the soundness of the *Kustor* decision under the meager facts there presented, we are satisfied that in the light of the evidence before the trial judge his direction of verdict was erroneous.

The policies do not prescribe that "due proof" be furnished in any particular form. Although some proof of death by accidental means must be furnished to the company (see *Dikowski* v. *Metropolitan Life Insurance Co.* (*Court of Errors and Appeals,* 1942), 128 *N. J. L.* 124, 127, it need not be in such detail as would be introduced at the trial of the cause. Where the claimant notifies the company of his claim for double indemnity and furnished the evidence at his command reasonably establishing the happening of the accident it is sufficient. See *Cohen* v. *Metropolitan Life Insurance Co.*

(*C. C. A. 3d*, 1944), 144 *Fed. Rep.* (*2d*) 748, 750; *Kundiger* v. *Metropolitan Life Insurance Co.* (1944), 218 *Minn.* 273; 15 *N. W. Rep.* (*2d*); 7 *Couch, Cyclopedia of Insurance Law* (1930) 5491, § 1540. If he does so and the company, nevertheless, desires proof in a prescribed form it may ask for it. Its failure to request more formal proof under circumstances leading the claimant to believe that it does not require further documents which might be furnished, or its absolute denial of liability without reference to formal policy requirements which might be fulfilled, will constitute a waiver. *Cf. Orr Trucking, &c., Co.* v. *Metropolitan Surety Co.* (*Court of Errors and Appeals,* 1909), 77 *N. J. L.* 749, 753; *Bohles* v. *Prudential Insurance Co.* (*Court of Errors and Appeals,* 1913), 84 *Id.* 315, 318; *Ciccone* v. *Colonial Life Insurance Co.* (*Court of Errors and Appeals,* 1933), 110 *Id.* 276, 280; *Evans* v. *Farmers Reliance Insurance Co.* (*Court of Errors and Appeals,* 1933), 110 *Id.* 159, 162.

Applying the foregoing principles it is clear that there was sufficient evidence calling for the jury's determination of whether the attorney's letter dated August 17th, 1945, constituted, under the circumstances presented, due proof within the terms of the policy (*Cf. Barnett* v. *John Hancock Mutual Life Insurance Co.* (1939), 304 *Mass.* 564; 24 *N. E. Rep.* (*2d*) 662) and, if not, whether the company waived further formal proof. The letter set forth the evidence as to the happening of the accident and contained an offer of substantiation. The company did not call for substantiation but on the contrary stated that further facts were required and that it would conduct its own investigation. It is significant that the company's letter advised the plaintiff's attorney that his co-operation would be appreciated if he were called upon for further information. The company never called upon him for further information and its letter denying liability did not rest upon or refer to failure of compliance with any formal policy requirement but relied upon the company's finding that the death did not result from accidental means within the contemplation of the policy. From all of the foregoing the jury could readily find, if it so chose, that due proof had been furnished and, if not, that

the company had waived the need for filing additional formal proof:

The judgment of the lower court is reversed, and a new trial ordered.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, WACHENFELD, JJ. 3.

*For reversal*—BODINE, DONGES, HEHER, COLIE, EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 12.