### NEW YORK LIFE INS. CO. v. TOBIN.
#### No. 5958.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 11, 1949.

Decided Oct. 12, 1949.

Pinckney L. Cain, Columbia, S. C. (John W. Thomas, Jr., Thomas, Cain & Lumpkin, Columbia, S. C., and F. H. Pease, New York City, on brief), for appellant.

James Julian Bush, Columbia, S. C., and Edgar A. Brown, Barnwell, S. C. (R. M. Jefferies, Jr., Barnwell, S. C., on brief), for appellee.

Before PARKER and DOBIE, Circuit Judges, and BARKSDALE, District Judge.

**PER CURIAM.**

This is an appeal from a judgment for plaintiff in an action to recover under the double indemnity provision of a life insurance policy. The case was heard without a jury by the District Judge, who made detailed findings of fact to the effect that the death of insured was accidental within the meaning of the double indemnity provision. The appeal questions the sufficiency of the evidence to sustain the findings and the sufficiency of the proofs of accidental death which were furnished the company.

 The questions presented by the appeal are pure questions of fact; and it is well settled that the findings of the District Judge with regard thereto are binding upon us unless clearly erroneous. Federal Rules of Civil Procedure, rule 52(a), 28 U.S.C.A.; Guilford Construction Co. v. Biggs, 4 Cir., 102 F.2d 46; Chalk v. United States, 4 Cir., 114 F.2d 207; United States Fidelity & Guaranty Co. v. Mills, 4 Cir., 146 F.2d 694. We cannot say that they are clearly erroneous but think, on the contrary, that they are in accord with the weight of the evidence.

Insured, a man 56 years of age, who is not shown to have suffered previously from heart disease, was stricken suddenly while walking along the street and died almost instantly. Five days earlier he had suffered an injury to his ankle; and there is evidence from a competent physician of high character that, in his opinion, death was due to an embolism caused by the ankle injury. While there was evidence from physicians produced by the company that, in their opinion, it was caused by a disease of the heart, they admitted that it might have been due to an embolism; and the fact that it occurred shortly after the ankle injury supports the theory of the expert who testified for plaintiff. This is supported also by the fact that there was no evidence of the premonitory symptoms of heart disease which usually precede death from that cause.

So far as the proofs of accidental death are concerned, the only provision of the policy with regard thereto was that, upon due proof that the death of insured resulted from accidental cause, the company would pay double the face of the policy. There was no requirement that proof be made within any particular time. The evidence is that a little over a year after the death of deceased the beneficiary wrote a letter to the company making a claim under the double indemnity provision and that later her attorneys furnished the company a copy of a judgment of the state industrial commission holding, in another matter, that the death of insured was due to accident and not disease. We see no reason why this was not due proof of accidental death within the meaning of the policy. The proof furnished when claim was made for the face of the policy showed that insured had died suddenly while walking along the street; and the subsequent claim for the double indemnity was apparently made after a proceeding before the state industrial commission had established that the death was accidental. It does not appear that the company was prejudiced by the delay which occurred; and, in the absence of express requirement for proof within a specified period, we do not think that the rights of plaintiff should be forfeited by the delay.

Affirmed.