Eunice **WHARTON, Plaintiff,**

v.

**The LINCOLN NATIONAL LIFE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 1981.**

United States District Court
E. D. Virginia, Norfolk Division.

Sept. 27, 1955.

Bangel, Bangel & Bangel, A. A. Bangel and Stanley Bangel, Portsmouth, Va., for plaintiff.

Williams, Cocke, Worrell & Kelly, W. R. C. Cocke and Leigh D. Williams, Norfolk, Va., for defendant.

HOFFMAN, District Judge.

The sole question presented for determination on defendant's motion for summary judgment is the sufficiency of the requirement contained in the insurance

contracts issued on the life of one Joseph H. Wharton providing in Supplemental Agreements for the payment of "double indemnity" as follows:

"Upon receipt of *due proof* that the death of the Insured resulted, directly and independently of all other causes, from bodily injuries caused solely through external, violent and accidental means".

From the pleadings, affidavits and admission of counsel the factual situation (for the purpose of this proceeding) appears to be as hereinafter recited. Joseph H. Wharton was insured under five separate contracts of insurance, aggregating $33,000 and each containing the so-called "double indemnity" clause above stated, by Reliance Life Insurance Company of Pittsburgh, Pennsylvania; the obligations of which company were taken over and assumed by The Lincoln National Life Insurance Company, defendant herein. Wharton met his death on December 14, 1954, the death certificate indicating the condition leading to death being "shotgun wound of left chest". The certificate further reveals the following answers to certain questions therein stated:

| Question | Answer |
| --- | --- |
| "21a Accident Suicide Homicide | Suicide |
| "21b Place of injury | Restaurant |
| "21f How did injury occur? | Shot self in chest with shotgun" |

The foregoing certificate was signed by Dr. Chas. O. Barclay, Jr., Medical Examiner, but where or how Dr. Barclay secured this information is unknown to the Court and his affidavit has not been submitted.

On December 20, 1954, defendant's Supervisor, J. I. Lankford, procured the signature of the widow and beneficiary under said policies (the plaintiff herein) to a form entitled "Claimant's Statement —Proofs of Death". With the exception of plaintiff's signature, relationship and date of birth, as well as the signature of the attesting witness, Lankford, the form is typewritten. Claim was made for the face amount of the policies and the cause of death bears the typewritten word "suicide". Based upon this claim defendant paid the face amount of the contracts, apparently without prejudice as to plaintiff's rights, if any, to proceed under the double indemnity feature of the contracts.

Thereafter followed a series of letters between plaintiff's counsel and defendant. The first letter from counsel dated February 28, 1955, asserts that Wharton died as a result of accidental means and demand was made for payment of the double indemnity. Defendant responded on March 2, pointing out that the letter from counsel was the first intimation a claim would be pursued for double indemnity; that defendant's extensive information demonstrated the injury causing death was self-inflicted; and expressing a willingness to review the facts upon presentation of documentary, lay and professional sources leading up to counsel's conclusion that double indemnity benefits were payable. Counsel for plaintiff then called upon defendant to furnish the information in its possession, and to forward proofs of claim to be completed. Defendant replied, insisting upon a detailed statement as to why counsel believed such benefits payable and requesting completion by plaintiff of medical authorization forms. These forms were then forwarded to defendant. Defendant's Legal Department thereupon wrote counsel calling attention to the preliminary investigation presumably conducted by the County Health Officer and police authorities indicating suicide; stating that no particular forms are furnished for death by accidental means; and insisting that, if suit was instituted without furnishing any proof to support the claim, the defendant would plead that the beneficiary had not complied with the

terms of the contracts. Plaintiff's counsel answered by instituting this action, which was removed to this Court from the Circuit Court of the City of Portsmouth by reason of diversity of citizenship and the amount involved. Defendant insists that the action has been prematurely brought and that it has not yet denied liability under the policies.

■ It is apparent to the Court that the parties are endeavoring to ascertain the nature of the evidence which will be presented in the ultimate trial of the case. It is fair to assume that there were no eye witnesses to the gunshot which took the life of Wharton, whether it be accidental or self-inflicted. That Wharton died as a result of external and violent means is admitted. The word "accidental" presupposes that the injury was not self-inflicted.

■ In the opinion of this Court the motion for summary judgment must be granted, but without prejudice to the plaintiff to institute another action, should she be so advised, upon the very elementary completion of the conditions precedent in the policies. Whether any action hereinafter instituted will ever reach this Court is problematical but, for convenience of counsel, the Court is expressing its views as to what will constitute "due proof" under the circumstances of this case.

■■ Leaving aside for the moment the contents of the letters from plaintiff's counsel, it is fairly well settled that a claimant under a policy is bound by the statements made in the proofs of loss in the absence of a showing by claimant that the statements were made under a misapprehension or mistake, or in ignorance of material facts subsequently ascertained. Metropolitan Life Ins. Co. v. Rutherford, 98 Va. 195, 35 S.E. 361, 362; Hassencamp v. Mutual Benefit Life Ins. Co., 4 Cir., 120 F. 475; Mutual Life Insurance Co. v. Newton, 22 Wall. 32, 22 L.Ed. 793; Hodges v. New York Life Ins. Co., D.C., 78 F.Supp. 244. Shortly prior to the argument on the motion for judgment and within the time specified by the Court, plaintiff filed her counteraffidavit which, in substance, alleges that the proofs of death were signed by her under misapprehension or mistake. The difficulty is that this affidavit was not forwarded to defendant in advance of the institution of this suit and, such being the case, plaintiff did not comply with the conditions precedent set forth in the contracts.

■ It would, of course, be interesting to learn from what source Dr. Barclay obtained his information that Warton's death was suicide. It may have been from casual information, gossip, or one of many sources, but his conclusions do not necessarily bind this plaintiff. This Court has no present control over Dr. Barclay or any other party whose name appears on the death certificate, and cannot presently require said parties to furnish any affidavit stating the reasons for their conclusions, but if these conclusions are based upon "suppositions", they certainly cannot preclude plaintiff from her day in court. If, according to plaintiff, there were no eye witnesses to the shooting, this fact should be affirmatively stated, at least on information and belief.

It is fundamental that an insurer cannot interpret the words "due proof" as it sees fit. In the absence of a definition of these words in the contract there is no particular form required and, in the opinion of this Court, it would be sufficient for plaintiff, in event of inability to secure affidavits from any of the parties whose names appear on the death certificate, to file a verified amended proof of loss on a form supplied by defendant, together with an appropriate affidavit setting forth in what manner and for what reason the statements made in the original proof were under a misapprehension or mistake, or in ignorance of material facts subsequently ascertained. Such would then enable defendant to accept or deny liability and, while this is obviously a technicality, it would comply with the terms of the policies. If defendant fails or refuses to provide another original proof, which plaintiff may modify to read "amended", plaintiff may obtain all neces-

sary information on the original proof on file in the papers of this case.

■ The requirement of "due proof" does not make it necessary to establish the fact and attendant circumstances of death by persons who were actually present when the insured received the injuries which caused his death. It may be assumed that plaintiff can, without difficulty, secure an affidavit from some party who will be able to state that death ensued from a gunshot wound. Such evidence is direct and positive, without which plaintiff could not possibly prevail in a trial upon the merits. While the burden would also rest upon plaintiff to prove accidental death, any jury would have to be instructed that self-destruction is not to be presumed. Travelers' Ins. Co. v. McConkey, 127 U.S. 661, 667, 8 S.Ct. 1360, 32 L.Ed. 308. The condition in the policies that "due proof" must be furnished the defendant as to "accidental death" does not deprive the plaintiff herein, when furnishing such proof, of the benefit of the rules of law established for the guidance of courts and juries in the investigation and determination of facts.

Defendant relies upon O'Neil v. Metropolitan Life Ins. Co., 300 Mass. 477, 15 N.E.2d 809, 810. In that case the Court dismissed the action as prematurely brought. It will be noted, however, that the issue appeared not to be a question of suicide or accident, but involved an inquiry as to whether the insured sustained the injury which caused his death " 'solely through external, violent and accidental means,' " there being evidence from the death certificate that insured died from " 'Dilation of the heart, presumable, and other effects of the use of alcohol.' " As the proofs of death attributed the cause of death to be " 'Dilation of the heart,' " and the beneficiary had not filed an amended proof prior to the institution of suit, the action was dismissed as prematurely brought even though, at the trial, the beneficiary endeavored to explain away the contents of the statement as shown in the proof. The extent of the ruling in O'Neil is merely to the effect that proofs of death must be submitted which, on the face of same, would justify a recovery if the facts therein stated are uncontradicted, and that notice without "due proof" is insufficient; all of which must be done as a condition precedent to the institution of the action as all pleadings speak as of that date. Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416; Fidelity Mutual Life Ins. Co. v. Powell, 4 Cir., 74 F.2d 525.

■■ An insurance company cannot act arbitrarily and demand that the claimant's case be tried in its office before accepting or denying liability. The rule apparently is that the insurer is not the final judge of what constitutes "due proof" but that claimant shall furnish what evidence as may be at her command which would reasonably establish the happening of an accident or, stated otherwise, would present a prima facie case for the payment of the claim. Hanrahan v. John Hancock Mut. Life Ins. Co., 143 Pa.Super. 557, 18 A.2d 512; New York Life Ins. Co. v. Tobin, 4 Cir., 177 F.2d 176; McNamee v. Metropolitan Life Ins. Co., 137 N.J.L. 709, 61 A.2d 271; O'Neil v. Union Nat. Life Ins. Co., 148 Neb. 469, 27 N.W.2d 837; Lampert v. John Hancock Mut. Life Ins. Co., D.C.N.Y., 28 F. Supp. 142. No particular form of proof is required. Phillips v. Travelers Ins. Co., 288 Ill.App. 634, 7 N.E.2d 389. The claim should, however, be reasonably verified. Peters v. Mutual Life Ins. Co. of N. Y., D.C.Pa, 17 F.Supp. 246; Jarvis v. Northwestern Mut. Relief Ass'n, 102 Wis. 546, 78 N.W. 1089, 72 Am.St.Rep. 895.

There is authority to the effect that a letter from attorneys representing the beneficiary is sufficient. Wuerfel v. Metropolitan Life Ins. Co., 343 Pa. 291, 22 A.2d 747. The difficulty with the application of this rule in the present case is that at no time prior to suit did counsel see fit to negative the proof of claim previously filed by plaintiff herein.

Undoubtedly the original proof of claim (if subsequently amended) cannot operate as a complete estoppel if plaintiff complies with the requirement that her

prior statements were made under a misapprehension or mistake, or in ignorance of material facts subsequently ascertained. Supreme Lodge, Pythias Knights' v. Beck, 181 U.S. 49, 21 S.Ct. 532, 45 L.Ed. 741, affirming 9 Cir., 94 F. 751; Hodges v. New York Life Ins. Co., supra.

A discussion of the burden of proof in cases involving an accidental death or suicide and an accidental death or homicide would unnecessarily prolong this memorandum. Some of the Virginia authorities on the subject are Cosmopolitan Life Ins. Ass'n v. Koegel, 104 Va. 619, 52 S.E. 166; Metropolitan Life Ins. Co. v. DeVault's Adm'x, 109 Va. 392, 63 S.E. 982; South Atlantic Life Ins. Co. v. Hurt's Adm'x, 115 Va. 398, 79 S.E. 401. It should be noted, however, that these cases have for consideration the defense of suicide as an avoidance of liability, whereas the present proceeding affirmatively requires the claimant to prove an accidental death. The policies in question are not before the Court but, in the event of trial, counsel should be prepared to produce the Virginia rule as to the burden of proof in an action for additional benefits by reason of accidental death. 46 C.J.S., Insurance, § 1319, note 89, p. 442; Rast v. Mutual Life Ins. Co. of N. Y., 4 Cir., 112 F.2d 769; Jefferson Standard Life Ins. Co. v. Clemmer, 4 Cir., 79 F.2d 724, 103 A.L.R. 171. This is a matter of evidence and not one of "due proof" as may be required by the insurer. Typical of cases involving accidental deaths in which no eye witnesses are available are "hunting accidents". Certainly if there is no known motive of suicide and there are no eye witnesses, it would nevertheless be a jury question to be determined from all the facts and circumstances in the event a man is found dead while in the process of hunting.

Lastly, plaintiff contends that defendant waived its requirement of "due proof" in failing to furnish forms as requested by plaintiff's counsel after payment of the face amount of the policy had been made. Sec. 38.1–345 of the Code of Virginia 1950, provides:

"Whenever any loss or damage is sustained by reason of any peril insured against, and notice thereof has been given to the insurance company or any agent of such company, then upon written application made to the company by the insured or the person to whom the insurance money is payable under the policy or other contract of insurance, such company shall, within fifteen days after the application shall have been made or mailed to the company, deliver to the insured or to the person to whom the insurance money is payable under the policy or other contract of insurance, forms for such *preliminary proof* of such loss or damage as may be properly required under the policy or other contract of insurance; and unless such forms are so delivered, it shall not be necessary for the insured, or any person to whom the insurance money is payable as aforesaid, to furnish the company with any *preliminary proof* whatever of such loss or damage, anything in the policy or other contract of insurance to the contrary notwithstanding; and the failure or refusal of such company or agent of such company to deliver such forms within fifteen days shall be deemed a waiver of any condition, stipulation or provision in the policy or other contract of insurance requiring such *preliminary proof*. Applications and forms may be sent by mail, as well as by other methods of transmission."

This section of the Code of Virginia has not yet been interpreted but it is contained under Article I, Chapter 8, entitled "General Provisions". It is fair to assume that it is applicable to life insurance contracts containing accidental death benefits as in this case. However, it applies only to waiver of preliminary proofs and such proofs were filed by the claimant. The statute is inapplicable to "amended proofs" and the burden rests upon claimant to supply same.

For the reasons stated in this memorandum, the motion for summary judg-

ment as filed by defendant is granted without prejudice, however, to plaintiff's rights, should she be so advised, to institute another action upon reasonable compliance with the "due proof" provision of said contracts. Costs are assessed against the plaintiff.

Counsel for defendant will prepare and present an appropriate order.